398 So.2d 1257 (1981)
Vickie Ann Riley White, wife of Gerald Robert WHITE
v.
Gerald Robert WHITE.
No. 11853.
Court of Appeal of Louisiana, Fourth Circuit.
May 5, 1981.
*1258 Charles W. Dittmer, Jr., Martzell, Montero & Lamothe, New Orleans, for plaintiff-appellee.
Richard J. Boutall, Metairie, for defendant-appellant.
Before REDMANN, BARRY and KLIEBERT, JJ.
KLIEBERT, Judge.
Gerald Robert White (hereafter White), appellant, was made defendant in a suit for separation filed by his wife, Vickie Ann Riley White (hereafter Vickie Ann), appellee, on June 27, 1977. White was personally served. A custody and support agreement was voluntarily entered into. Under this agreement, White was to pay his child's nursery tuition. From the record, it may be noted that with the passage of time the original friendliness between the parties abated. This apparently resulted in both parties substituting lawyers on several occasions during the pendency of the litigation. The suit for a separation was heard on February 28, 1978 and a judgment of separation based on mutual fault was read on February 28 (although not rendered and signed until June 22, 1978). This judgment granted to White visitation rights, imposed support payments of $150.00 per month and required White to post a $3,000.00 bond before taking the child out of the State of Louisiana. The judgment which was read on February 28, 1978 also ordered a March 21, 1978 hearing to re-fix the amount of the support payments. The hearing was held, and by order dated April 13, 1978, support payments were fixed at $200.00 per month commencing April 1, 1978.
Subsequently, on April 24, 1978, a rule for contempt and to make past due support payments executory was filed by the wife. This rule was dismissed for non-appearance of the parties. In August, 1979, another rule for contempt and to make past due support payments executory was filed. This was filed by the wife, Vickie Ann Riley, in proper person. A notation to the clerk in the rule directed service on White under the "long arm Statute". At an October 12, 1979 hearing of the rule, the wife, Vickie Ann, appeared through her attorney. No appearance was made by White, the husband defendant. The judgment based on this hearing, rendered on October 17, 1979, held White in contempt, imposed a money fine and sentenced him to a jail term. Additionally, unpaid past due support, as alleged by the wife, was also made executory and future support was set at $650.00 per month.
In January, 1980, a petition for divorce, grounded in the previous separation judgment, was filed in the Parish of Jefferson under the same docket number as that in which the separation judgment was rendered. White was alleged to be an absentee and a curator was appointed to represent him. Except for the appearance by the curator, White made no appearance in the divorce proceeding. A judgment of divorce was granted with sole custody of the child being awarded to the wife and fixing support payments at $650.00 per month. On April 28, 1980, White appeared through an attorney and obtained an order for a devolutive appeal of the judgment rendered on October 17, 1979[1], which judgment made past due support payments executory, set future support payments at $650.00 per month and held White in contempt and sentenced him to a jail term and fine. The same order granted a devolutive appeal of the judgment rendered on March 27, 1980.
Appellant's major contention on appeal is that the October 17, 1979 judgment is void and unenforceable because service of process was never effected upon him pursuant to La.R.S. 13:3204 and R.S. 13:3205 (the *1259 long arm statute). Additionally, he contends the judgment of March 27, 1980 was in error insofar as it rendered a monetary judgment against him for child support through a curator ad hoc. We agree with these contentions.
R.S. 13:3205 states that a default judgment cannot be rendered against an out-of-state defendant until thirty days after the filing in the record of an affidavit of the person who either mailed or actually delivered the process to the defendant. The record is devoid of any such service or affidavit in this matter. The only indicia of service was appellee's counsel's representations to the court that service was had through the long-arm statute. Such representations do not satisfy the requirements of R.S. 13:3205. While citation is not essential in a summary proceeding, a judgment rendered against a defendant who has not been served with process and who has not entered a general appearance is an absolute nullity. C.C.P. 2594, 2002(2), Thompson v. Courville, 372 So.2d 579 (La.App. 3rd Cir. 1979). Since the record reflects no service whatsoever in this matter, and since there is no evidence of appellant being given notice of the summary proceedings set for October 12, 1979, then the judgment based on this hearing and rendered on October 17, 1979 is an absolute nullity.
Being null from the inception, the October 17, 1979 judgment cannot serve as the basis for continuation of support in the divorce decree dated March 27, 1980 in the amount ($650.00) set by that judgment. However, the district court has continuing personal jurisdiction to modify child support awards and enter an award for arrearages if valid service is effected and if the evidence warrants such modification or award where there was personal jurisdiction in the initial setting of the support payments. Webb v. Webb, 357 So.2d 1288 (La.App. 3rd Cir. 1978). In the instant case, the April 13, 1979 judgment fixing child support at $200.00 per month was a valid order and, as such, can be reinstated in the divorce decree. There being no evidence adduced at the divorce hearing to support an increase in child support, the divorce decree rendered March 27, 1980 is amended to include child support in the amount of $200.00 per month.
For the foregoing reasons, the October 17, 1979 judgment of the district court is annulled and set aside. The March 27, 1980 judgment of the district court is amended to fix child support in the amount of $200.00 per month and is affirmed in all other respects. Costs of appeal to be paid by appellant.
ANNULLED IN PART; AMENDED IN PART; AFFIRMED IN PART.
NOTES
[1] The October 17, 1979 judgment is properly before this Court even though the motion for appeal was not filed until April 28, 1980. The defendant-appellant was not served with a copy of the judgment as required by C.C.P. Article 1913, hence, the delays for appeal had not as yet expired when the motion for appeal was filed.