563 So.2d 490 (1990)
Mrs. Lois Wyneken, Wife of Richard C. OSTER
v.
Richard C. OSTER.
No. 89-CA-0758.
Court of Appeal of Louisiana, Fourth Circuit.
May 31, 1990.
Rehearing Denied July 19, 1990.
Phillip A. Wittmann, Mary L. Dumestre, Stone, Pigman, Walther, Wittmann & Hutchinson, New Orleans, for defendant/appellant.
John D. Lambert, Jr., Lambert & Lambert, New Orleans, for plaintiff/appellee.
Before GARRISON, BARRY and BYRNES, JJ.
*491 GARRISON, Judge.
The case at hand arises from a rule to reduce divorce alimony filed by Dr. Richard C. Oster. He alleged that he had suffered significant changes in circumstances which warranted a reduction in post divorce alimony as per Civil Code Article 232. Lois Wyneken, the defendant-in-rule, subsequently filed a Motion for Summary Judgment, contending that the plaintiff-in-rule had no right of action and/or no cause of action against her as the "alimony" payments were either an annuity and/or were obligatory until the defendant's death or remarriage as per the couple's community property settlement agreement. The trial court granted the defendant's no cause of action, but did not rule on the summary judgment. In its reasons for judgment, the trial court stated that it found the spouses to have indicated their approval of the alimony judgment by including it in the property settlement. It further found that the parties affected their rights and obligations with regard to alimony by providing for alimony payments until the defendant's death or remarriage rather than until the court issued further orders. The trial court relied on jurisprudence in reaching its decision. The plaintiff has now appealed. The defendant has answered this appeal, requesting attorney's fees.
A judgment maintaining an exception of no cause of action is not final unless it unconditionally dismisses the suit. Williams v. City of Bastrop, 458 So.2d 221 (La.App. 2nd Cir.1984). In the case at hand, the rule was not dismissed. Thus, the trial court's judgment in this matter is not a final and appealable judgment.[1] However, in the interest of judicial economy, we elect to exercise our supervisory jurisdiction.
A peremptory exception of no cause of action goes to the legal sufficiency of a petition. It is not to be used as a replacement for a hearing on the merits. For purposes of the exception all well-plead allegations of fact are accepted as true. LSA-C.C.P. art. 927; Cupp v. Federated Rural Electric Insurance Company, 459 So.2d 1337 (La.App. 3rd Cir.1984).
The settlement agreement in question states in pertinent part as follows:
... 7. Husband further agrees to pay to Wife $1,350 per month retroactive to January 1, 1977, which payments represent alimony payable in accordance with a court order issued on May 20, 1977 in proceedings entitled "Mrs. Lois Wyneken, Wife of Richard C. Oster v. Richard C. Oster," Docket No. 76-11137, Division "J" of the Civil District Court for the Parish of Orleans, State of Louisiana, a copy of which is annexed to and made part hereof. The parties agree that Husband has previously paid as alimony the sum of $3,800 and that the balance due of $2,950 in retroactive alimony shall be payable in six installments as follows: $500 on the closing date of this agreement; $500 on each of the next four monthly anniversaries of the closing date; and $450 on the one hundred and fiftieth day after the closing date of this agreement. The alimony payments shall terminate upon Wife's death or remarriage, whichever first occurs.

. . . . .
... 14. This Agreement contains the entire understanding of the parties. There are no representations, warranties, promises, covenants, or undertakings other than those expressly set forth herein. [Emphasis added].
We believe that, based on the wording of the above settlement agreement, it is impossible to determine if the payments in question were intended as "alimony" or as an "annuity". The agreement states that the payments shall terminate upon remarriage or death not that they shall continue until one of those events occur. The language is not all inclusive, rather it only specificies the two statutory ways to end alimony. Thus, giving the words of the agreement their common meaning, it appears *492 that the clause in question was merely two conditions for termination of payments. The language does not expressly preclude reduction of alimony as contemplated by C.C. art. 232, nor does it show Dr. Oster's petition to be fatally flawed.
The appellee argues that the payments were agreed upon as consideration for her relinquishment of certain community assets. Therefore, she argues, these payments should be considered an annuity. We believe that the validity of this contention would be best determined at a trial on the merits where evidence, such as valuation of the community assets could be considered.
For the above stated reasons, we hold that the trial court erred in granting the appellee's exception of no cause of action. Additionally, this court declines to award Ms. Wyneken attorney's fees and costs in connection with this appeal. Therefore, the trial court's decision is reversed and remanded for further proceedings consistent with this judgment.
REVERSED AND REMANDED.
NOTES
[1] Additionally, the trial court erred in dismissing Dr. Oster's action without first allowing him to amend his petition to attempt to invalidate the agreement in question as per La.C.C.P. art. 934.