800 So.2d 73 (2001)
Cynthia LITTLEJOHN, Wife of Martin Earl Quiram
v.
Martin Earl QUIRAM.
No. 2001-CA-0075.
Court of Appeal of Louisiana, Fourth Circuit.
October 24, 2001.
Sharon M. Williams, Chalmette, LA, Counsel for Plaintiff/Appellee.
David M. Hufft, Pivach & Pivach, L.L.C., Belle Chasse, LA, Counsel for Defendant/Appellant.
Court composed of Chief Judge WILLIAM H. BYRNES III, Judge STEVEN R. PLOTKIN, Judge MIRIAM G. WALTZER.
PER CURIAM.
Defendant Martin Earl Quiram appeals a trial court judgment awarding his former spouse, plaintiff Cynthia Littlejohn, $565 a month in "Final Periodic Support" to be paid in two equal installments of $285.50 on the 1st and 15th of each month. Finding no record evidence to support the trial court's award, we reverse and remand to the trial court for further proceedings.
La. C.C. art. 112 establishes nine relevant factors to be considered by courts awarding final periodic spousal support, as follows:
1. The needs of the parties
2. The income and means of the parties, including the liquidity of such means
3. The financial obligations of the parties
4. The earning capacity of the parties
5. The effect of custody of children upon a party's earning capacity

*74 6. The time necessary for the claimant to acquire appropriate education, training, or employment
7. The health and age of the parties
8. The duration of the marriage
9. The tax consequences to either or both parties.
The record in this case is insufficient to support the trial court's award of periodic spousal support to Ms. Littlejohn. The transcript in this case is only 14 pages long; Mr. Quiram and Ms. Littlejohn are the only witnesses. The only issue addressed by Ms. Littlejohn is her own salary and deductions from that salary. Mr. Quiram testified concerning his own salary and deductions, and concerning community debts that he was paying. No documentary evidence is included to support any of the sparse testimony given.
Ms. Littlejohn attempts to defend against Mr. Quiram appeal in this case by arguing that the trial judge considered all of the factors set forth in La. C.C. art. 112 prior to issuing his ruling. She states in brief as follows:
In fact, the Court had received presentations of income and circumstances by both parties at the pretrial conference held immediately before the hearing, had calculated the final spousal support from those presentations, and had heard the testimony of both of the parties as to their respective incomes.
Ms. Littlejohn's arguments are supported by the trial judge's comments at the end of the transcript relative to a modification he was making to the pretrial conference.
However, this court is a court of record, which must limit its review to the evidence in the record before it. Ventura v. Rubio, XXXX-XXXX, p. 3-4 La.App. 4 Cir. 3/16/01, 785 So.2d 880, 885; Lewis v. Texaco Exploration and Production Co., Inc., 96-1458 (La.App. 1 Cir. 7/30/97), 698 So.2d 1001, 1008. As a court of appeal, we must render judgment based on the record on appeal. Sutton's Steel & Supply, Inc. v. Bellsouth Mobility, Inc., 2000-511, p. 4 (La.App. 3 Cir. 12/13/00), 776 So.2d 589, 592. This principle has been further explained as follows:
Pursuant to LSA-C.C.P. art. 2164, an appellate court must render judgment upon the record on appeal. The record on appeal is that which is sent by the trial court to the appellate court and includes the pleadings, court minutes, transcript, jury instructions, judgments and other rulings, unless otherwise designated. LSA-C.C.P. arts. 2127 and 2128. An appellate court cannot review evidence that is not in the record on appeal and cannot receive new evidence. Augustus v. St. Mary Parish School Board, 95-2498, p. 16 (La.App. 1st Cir.6/28/96); 676 So.2d 1144, 1156. The appellate briefs of parties are not a part of the record on appeal, and this court has no authority to consider on appeal facts referred to in appellate briefs, or in exhibits attached thereto, if those facts are not in the record on appeal. Augustus v. St. Mary Parish School Board, 676 So.2d at 1156.
Dawson v. Cintas Corp., 97-2275, p. 3 (La.App. 1 Cir. 6/29/98), 715 So.2d 165, 167. In fact, the Louisiana Fifth Circuit Court of Appeal has held that "an appellate court is forbidden by the law and jurisprudence to consider evidence which is outside the record on appeal." Barrois v. Wal-Mart, Stores, Inc., 97-636, p. 3 (La. App. 5 Cir. 11/25/97), 703 So.2d 798, 799.
Because the record on appeal in this case is clearly insufficient to support the trial court's award of periodic spousal support to Ms. Littlejohn, this court is compelled to reverse that judgment and remand to the trial court for further proceedings.
REVERSED; REMANDED.