857 So.2d 5 (2003)
Patrick J. SPEZIO
v.
Phillip J. SPEZIO, Jr.
No. 2001-CA-1789.
Court of Appeal of Louisiana, Fourth Circuit.
September 10, 2003.
Jeffrey D. Salzer, Gardner & Kewley, A.P.L.C., Metairie, LA, for Plaintiff/Appellant.
Harold E. Molaison, Adrian F. LaPeyronnie, III, Beau Sagona, Molaison & Greenberg, L.L.C., Gretna, LA, for Defendant/Appellee.
(Court composed of Judge PATRICIA RIVET MURRAY, Judge MICHAEL E. KIRBY, Judge LEON A. CANNIZZARO, JR.).

ON REMAND FROM THE SUPREME COURT
PATRICIA RIVET MURRAY, Judge.
This case is before us on remand from the Louisiana Supreme Court to reconsider the appeal by the plaintiff, Patrick Spezio, in light of its opinion in Burguieres v. Pollingue, XXXX-XXXX (La.2/25/03), 843 So.2d 1049. For the reasons that follow, we again affirm the trial court's decision dismissing Patrick Spezio's present suit based on res judicata.

FACTUAL AND PROCEDURAL BACKGROUND
This case involves a dispute between two half brothers, Patrick Spezio and Phillip Spezio, Jr., over the revocation of a trust created on April 16, 1997, by their father, Phillip Spezio, Sr., as part of his estate planning.[1] Patrick Spezio was the sole beneficiary of the trust, and Phillip Spezio, Jr., was the trustee. The sole corpus of the trust was Phillip Spezio, Sr.'s 75% interest in a piece of immovable property; the property was the former community home of Phillip Spezio, Sr., and his predeceased spouse, Lorraine Spezio, located at *6 1801 River Oaks Drive in New Orleans (the "Trust Property").[2] Patrick Spezio, Jr., the beneficiary, was the sole child born of the marriage between Phillip Spezio, Sr., and Lorraine Spezio. Phillip Spezio, Jr., the trustee, was a child of Phillip Spezio, Sr., born of a previous marriage.
Until his death on February 20, 1999, Phillip Spezio, Sr., remained in the house. Thereafter, Phillip Spezio, Sr.'s 75% interest in the house (the same property that formed the corpus of the trust) was included in his judgment of possession rendered on March 20, 2000. Although Patrick Spezio appeared with counsel as a defendant-in-rule at the February 4, 2000 contradictory hearing in his father's succession, he failed to assert any claim to the house.
On August 31, 2000, Patrick Spezio filed this action against Phillip Spezio, Jr., captioned "Petition for Damages for Breach of Fiduciary Duty, Breach of Trust, and Rules for Accounting, and to Compel Trustee to Redress Breach of Trust under LSA R.S. 9:2221(3)." According to the petition, on January 7, 1998, Phillip Spezio, Jr., acting as trustee, entered into an Act of Revocation of the Patrick J. Spezio Irrovocable Trust, which was recorded on January 21, 1998. The petition alleges that such Act of Revocation was entered into without Patrick Spezio's knowledge or consent and was in opposition to Patrick Spezio's interest as sole beneficiary. The petition further alleges that Phillip Spezio, Jr., is residing in the residence and has failed to provide any rental for such occupancy. The petition still further alleges that Phillip Spezio, Jr.'s entering into the Act of Revocation and failing to acquire any consideration for the trust corpus (the house) was a breach of his fiduciary duty as trustee, entitling Patrick Spezio to an accounting. Finally, Patrick Spezio alleges that since his appointment as trustee Phillip Spezio, Jr., has failed to render any accounting.
In response, Patrick Spezio filed several peremptory exceptions, including res judicata and prescription. Although the trial court sustained both the prescription and res judicata exceptions, we affirmed based solely on res judicata. Spezio v. Spezio, XXXX-XXXX (La.App. 4 Cir. 4/24/02), 817 So.2d 513 (unpub'd decision). As noted at the outset, the Louisiana Supreme Court granted Patrick Spezio's writ application and remanded this case with instructions that we reconsider our prior ruling in light of its recent Burguieres decision. Spezio v. Spezio, XXXX-XXXX (La.6/6/03), 845 So.2d 1075.

BURGUIERES DECISION
Burguieres was a suit for damages by a decedent's children against their aunt arising out of alleged breaches of fiduciary duties by the aunt in handling their father's estate before and after his death.[3] *7 In a prior suit, the plaintiffs sought to annul their father's will and to remove their aunt as executrix of their father's succession. After prevailing in that suit, the plaintiffs filed the Burguieres suit. In response, the aunt asserted several exceptions, one of which was res judicata. Although the trial court denied the aunt's exception, this court, in an unpublished decision, granted it, finding the actions asserted against the aunt should have been brought in the succession proceeding. Affirming in part and reversing in part, the Supreme Court divided the plaintiffs' claims into two categories: those arising from the aunt's pre-death conduct in her roles as trustee and curator and those arising from her post-death conduct in her role as executrix.[4] The Supreme Court found this court was correct as to the latter, post-death claims, but incorrect as to the former, pre-death claims.
In reversing as to the pre-death claims, the Supreme Court in Burguieres articulated the following five requirements that must be met under the present res judicata statute, La. R.S. 13:4231; to wit: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same;[5] (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. Burguieres, XXXX-XXXX at p. 8, 843 So.2d at 1053. Applying that standard to the case before it, the Court concluded that the third and fourth requirements were not satisfied.
The Court found the third requirement of identity of parties was not satisfied because the plaintiffs' aunt did not appear in the second suit in the same fiduciary capacity that she appeared in the first suit. The aunt appeared in the first suit to annul the will as a succession representative, i.e., as executrix. The second suit concerned her actions before her brother's death in her capacities as trustee and curator; "it follows that the second suit does not implicate her in her capacity as executrix of his succession." Burguieres, XXXX-XXXX at p. 11, 843 So.2d at 1055.
In addition to the lack of identity of parties, the Court found the fourth requirement that the cause of action asserted in the second suit exist at the time of final judgment in the first suit was not met. The plaintiffs' claims in the second suit for breach of fiduciary duty against their aunt were based on her actions in writing the testament. The Court noted that before any cause of action for breach of the aunt's fiduciary duties as trustee *8 and curator arose in the plaintiffs' favor it was necessary that the will contest be decided. The Court further noted that those claims did not arise until the trial court's judgment of nullity of the will became final. Given these two requirements were not satisfied, the Court found merit to the plaintiffs' argument that the present res judicata statute did not mandate that they cumulate their damage claim for pre-death breach of fiduciary duties with their prior suit to annul the testament brought in a succession proceeding against the succession representation.
Arguing that Burguieres is directly on point, Patrick Spezio asserts that there is a lack of identity of parties in the two cases. The first litigation was a succession proceeding in which the parties appeared as heirs of Phillip Spezio, Sr.; whereas, this second suit was brought by Patrick Spezio, as beneficiary, against Phillip Spezio, Jr., as trustee. He further argues that he was not required, and indeed procedurally could not, assert his claims regarding the revocation of the trust in the prior succession proceeding. We find these arguments unpersuasive.
Although we recognize the superficial similarity between this case and Burguieres, we find a detailed analysis reveals there are dramatic factual and legal differences between these two cases. A review of the filing the parties made in the prior succession proceeding in this matter demonstrates the dramatic factual difference between this case and Burguieres.
On September 7, 1999, Patrick Spezio filed a petition for probate of his father's statutory testament. In that pleading, he also asserted the validity of the trust and sought to claim ownership of the Trust Property, asserting:
Petitioner seeks to take possession of a certain piece of real, non-movable property located and described an [sic] Irrevocable Donation Inter Vivos Trust executed in his name and attached hereto. The donation gives PATRICK J. SPEZIO ownership of the property thirty (30) days following the death of the donator, PATRICK J. SPEZIO, JR. The property is currently being occupied by PHILIP J. SPEZIO, JR. and the petitioner seeks an Order requiring PHILIP J. SPEZIO, JR. to vacate the premises.
That pleading concluded with a prayer that Patrick Spezio be placed in possession of the Trust Property "donated to him before the death of the Donator." Patrick Spezio took no further action to pursue the succession proceeding he opened.
On November 29, 1999, Phillip Spezio, Jr. filed a separate Petition for Possession, asserting that Phillip Spezio, Sr., died testate, leaving his property to be divided equally among four universal title legatees, one of whom was Patrick Spezio. Attached to the petition was a Detailed Descriptive List, which included the Trust Property as one of the succession assets. In his Petition for Possession, Phillip Spezio, Jr. also asserted that Patrick Spezio had filed a prior petition for probate, yet had failed to produce a testament or to appoint a succession representative. Phillip Spezio, Jr., requested that the trial court issue a rule to show cause ordering Patrick Spezio to appear and to establish why a judgment of possession should not be rendered as prayed for in the petition.
On March 6, 2000, Patrick Spezio responded by filing a Motion to Traverse the Descriptive List, asserting that the list improperly included the Trust Property; particularly, he asserted:
The detailed descriptive list filed in this matter improperly includes as property of the deceased certain real estate located at the following municipal address: 1801 River Oaks Drive, New Orleans, Louisiana. Mover further avers that he is the sole beneficiary of the Patrick J. Spezio Irrevocable Inter Vivos Trust, *9 and that the property in question was donated to said trust by Philip Spezio, Sr. on April 16, 1997. The trust and donation thereto were recorded on May 9, 1997.
In this motion, Patrick Spezio requested that the court order Phillip Spezio, Jr., to show cause why he should not be required to amend the detailed descriptive list to delete any reference to the Trust Property.[6]
Thereafter, the trial court set for contradictory hearing the rule to show cause requested by Phillip Spezio, Jr. At that hearing held on February 8, 2000, Patrick Spezio, represented by counsel, appeared, but failed to voice an objection to the inclusion of the Trust Property in his father's succession. On March 20, 2000, the trial court rendered a judgment of possession in which it expressly rejected Patrick Spezio's claim; the trial court stated that the rule to show cause filed by the plaintiff-in-rule, Phillip Spezio, Jr., against the defendant-in-rule, Patrick Spezio, is "made absolute" and that the law and evidence is "in favor of the plaintiff-in-rule." The judgment also placed the four universal legatees equally into possession of their share of the succession assets, which included the Trust Property. As a result, Patrick Spezio was placed into possession of a one-fourth interest in the Trust Property. No appeal was taken from that ruling, and it is a final judgment for purposes of res judicata.[7]
As Patrick Spezio stresses, there was no claim asserted in the succession proceeding against Phillip Spezio, Jr., in his fiduciary capacity as trustee. He argues, therefore, that, as in Burguieres, there is a lack of identity of parties in this case and the succession proceeding. However, we find two significant differences between this case and Burguieres, which dictate a different result in this case.
The first distinction is that this case involves a dispute over immovable property. Disputes over ownership of immovable property were jurisprudentially recognized to be an exception even under the former narrowly defined res judicata doctrine; that exception, similar to current La. C.C.P. art. 425(A), required that parties assert all their claims to property in the first suit.[8] As the Louisiana Supreme Court explained in Ward v. Pennington, 523 So.2d 1286 (La.1988):
In such actions both plaintiff and defendant in the first suit must present all claims that they have to establish their title or be precluded from asserting theories that might have been asserted in the first action. Dixon, Booksh & Zimmering Res Judicata in Louisiana Since Hope v. Madison, 51 Tul. L.Rev. 611 (1977). This exception to the narrow interpretation of res judicata is predicated upon the necessity of protecting and insuring stability and security of title, preventing undue hardship or fraud with respect to third party purchasers, *10 and obviating unnecessary successive litigation.
523 So.2d at 1292.
The crux of this case, contrary to Patrick Spezio's contention, is the post-death ownership of the Trust Property, i.e., Phillip Spezio, Sr.'s interest in the house. Indeed, Patrick Spezio admitted in a memorandum he filed in the trial court that the redress he seeks in this second suit is to "compel the Trustee to deliver to plaintiff clear title to the property" or the fair market value of the house. He further admitted that Phillip Spezio, Jr., listed the house on the sworn descriptive list in his father's succession proceeding and assigned a value to it of $67,000. Nonetheless, when Phillip Spezio, Jr. ruled him into court in the succession proceeding, Patrick Spezio failed to assert any interest in the house at that contradictory hearing.
Although not expressly referencing the revocation of the trust, the judgment of possession does so implicitly by including the Trust Property as an asset of the succession. Patrick Spezio was required to assert any claim to that property in the prior proceeding. Having failed to do so, we find that he is precluded by res judicata principles from doing so in this subsequent suit. We further note that this trust included nothing except Phillip Spezio, Sr.'s interest in the house. It follows then that the "[t]he only demands for accounting in the present case were those which were ancillary to the demand for recognition of ownership." Ward, 523 So.2d at 1292, n. 14. It also follows that given the revocation of the trust and the inclusion of the Trust Property in the succession, there was nothing for the trustee to account. For these reasons, we conclude that Patrick Spezio's claims asserted in this case were settled by the judgment rendered in the first litigation.
In addition, this case presents a converse scenario to that presented in Burguieres, in which the plaintiffs' claims against their aunt did not arise until their father's will was declared null. In this case, Patrick Spezio's claims against Phillip Spezio, Jr., which arise out of the revocation of the trust, clearly were in existence at the time of the succession proceeding. Indeed, Patrick Spezio placed the validity of the trust at issue in that proceeding by filing two pleadings asserting that interest. When presented with Phillip Spezio, Jr.'s conflicting claim that the property was an asset of the succession, Patrick Spezio failed to pursue his claim based on the trust. Stated otherwise, Patrick Spezio went into the succession proceeding asserting that the Trust Property belonged to him as a result of the donation in trust, yet allowed a final judgment to be rendered dividing that same property equally between the universal legatees under his father's will.[9] He could and should have asserted his claims against Phillip Spezio, Jr., as trustee, in that prior proceeding. We thus conclude that res judicata applies and bars the claims asserted in this case.

DECREE
For the forgoing reasons, we affirm the judgment of the trial court dismissing plaintiff's action based on res judicata.
AFFIRMED.
CANNIZZARO, J., dissents with reasons.
*11 CANNIZZARO, J. Dissents With Reasons.
I agree with the majority opinion insofar as title to the immovable property at 1801 River Oaks Drive in New Orleans (the "Property") is concerned. However, title to immovable property is not the subject of the suit which Patrick Spezio instituted. I respectfully disagree that Patrick Spezio's action against Phillip Spezio, Jr. is res judicata.
Patrick Spezio appeared in his father's succession proceeding at a contradictory hearing on a petition for possession, and he did not dispute the inclusion of the Property in the judgment of possession when he had the opportunity to do so. Therefore, the issue of title to the Property has been adjudicated.
I disagree with the majority, however, on the issue of whether the claims brought by Patrick Spezio in the Petition for Damages for Breach of Fiduciary Duty, Breach of Trust, and Rules for Accounting, and to Compel Trustee to Redress Breach of Trust under LSA-R.S. 9:2221(3) are barred by the doctrine of res judicata. Those claims were never considered, nor could they have properly been considered, in the succession proceeding. In his father's succession proceeding, Patrick Spezio appeared in his capacity as an heir to his father's estate. He is appearing in the instant case as the beneficiary of a trust, which was established for his benefit by his father. Patrick Spezio is alleging that Phillip Spezio, Jr., in his capacity as a trustee for the benefit of Patrick Spezio, breached the fiduciary duty that a trustee owes to a trust beneficiary. The instant lawsuit arose out of the revocation of the trust by Phillip Spezio, Sr., as settlor of the trust, and by Phillip Spezio, Jr., the trustee of the trust. The petition in the instant case alleges that the trustee breached his fiduciary duty to Patrick Spezio by entering into an agreement to revoke the trust and by failing to account properly to the trust beneficiary, Patrick Spezio.
Although the Property was involved in the succession proceeding, in which Patrick Spezio appeared in a contradictory hearing, it is only involved in this case as the corpus of the trust prior to its revocation.[1] Patrick Spezio, however, appeared in each of the proceedings in different capacities, seeking different remedies, as did Phillip Spezio, Jr.
In Burguieres v. Pollingue, XXXX-XXXX (La.2/25/03), 843 So.2d 1049, the decedent's sister was named as the executrix of the decedent's succession. In the succession proceeding, the decedent's children sought to have the decedent's testament nullified and his sister disqualified as executrix, and they prevailed. After the succession proceeding had become final, the decedent's children filed a lawsuit against the decedent's sister. The children alleged that the decedent's sister was liable to them for the breach of the fiduciary duties owed by the sister as the trustee and as the curatrix for the decedent while he was still alive. The sister filed an exception of res judicata, alleging that the claims in the second suit should have been addressed in the succession proceeding. The Louisiana Supreme Court found otherwise.
The Supreme Court held in Burguieres that "in order for a second suit to be barred by the doctrine of res judicata, the parties must appear in the same capacities in both suits." XXXX-XXXX, p. 10, 843 So.2d at 1054. In the succession proceeding, *12 the decedent's sister appeared in her capacity as executrix of her brother's succession. In the second suit instituted by the children against the sister, the sister was sued as her brother's curator and trustee prior to his death. The Supreme Court found that the sister did not appear in the second suit in the same capacity in which she appeared in the succession proceeding. The Supreme Court then stated that "[b]ecause of this difference in capacities, there is a lack of identity of the parties between the two suits." XXXX-XXXX, p. 12, 843 So.2d at 1056. Therefore, the court of appeal had been incorrect in granting the sister's exception of res judicata as to those claims in the second suit that did not arise out of her capacity as executrix of her brother's succession.
Based on the holding of the Burguieres case, the trial court should not have granted the exception of res judicata in the instant case. Phillip Spezio, Jr. was sued in his fiduciary capacity as the trustee of the trust. In the succession proceeding he did not appear in that capacity. The succession proceeding was not dispositive of the claims made in the instant suit, and those claims are not res judicata.
NOTES
[1] We note that the name "Phillip" is spelled Phillip in some pleadings and documents and Philip in others. For consistency sake, we spell the name Phillip, as it appears in the caption of the case.
[2] Given that Phillip Spezio, Sr.'s spouse predeceased him, he owned a 75% interest in the immovable property; the other 25% interest was owned by the Succession of Lorraine Spezio. Patrick Spezio was the sole heir of Lorraine Spezio. It follows then that Patrick Spezio's receipt of the 75% interest from the trust combined with his receipt of the 25% interest from his mother's succession would have given him full ownership of the former community home. Although the trust document refers to $100 being placed in the trust, the parties refer to the trust corpus as consisting solely of the settlor's 75% interest in the house.
[3] Actually there were two defendants in Burguieres: the aunt and her husband. However, the defendant-husband was not a party to the first action. The first action thus could not be res judicata as to the claims against him. The defendant-aunt served in various fiduciary capacities for her brother who was mentally and physically injured in a 1965 automobile accident; particularly, she served as his trustee of the trust created for him in 1965, as his curator when he was interdicted, and as his executrix when he died in 1995.
[4] The Supreme Court expressly took note that the distinction it was making was "somewhat blurred because of the unique facts of this case in which Mrs. Pollingue [the aunt] occupied several representative and fiduciary positions over many years for her brother." Burguieres, XXXX-XXXX at p. 11, 843 So.2d at 1055. The court noted it was aided in drawing this line by the plaintiffs' prudent concession that any claims arising out of the aunt's actions in her capacity as executrix were barred by the first suit in the succession proceeding. Indeed, the Court commented that their concession allowed it to narrow the plaintiffs' claims at issue in the second suit to those "concerning only those allegedly tortuous actions committed while Mrs. Pollingue [the aunt] was acting as William Sr.'s [the decedent's] trustee and curator." Burguieres, XXXX-XXXX at p. 11, 843 So.2d at 1055.
[5] Focusing on the requirement that the parties be the same in both suits, the Supreme Court engaged in an extensive historical analysis of the civilian concept of res judicata. Based on that analysis, the Court concluded that the current statutory provision, La. R.S. 13:4231, incorporates the prior identity of parties requirement.
[6] Apparently that rule to show cause was never separately set. Instead, Patrick Spezio on April 20, 2001, filed a Motion to Dismiss With Prejudice his Rule to Traverse, which the trial court granted on that same day.
[7] Patrick Spezio argues that the March 20, 2000 judgment of possession was not a final judgment for res judicata purposes. That argument, however, ignores the contradictory nature of the proceeding in this case as it pertained to the issue of the inclusion in the succession of the property formerly included in the trust. For this reason, the line of cases upon which Patrick Spezio relies, which hold that a judgment of possession, which is generally rendered ex parte, is not considered a final judgment for purposes of res judicata is inapposite here.
[8] La. C.C.P. art. 425(A) provides that "[a] party shall assert all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation."
[9] As demonstrated above, Patrick Spezio filed two pleadings expressly asserting his rights to be placed in possession of the Trust Property donated to him through the trust. When presented with Phillip Spezio, Jr.'s conflicting claim that the property belonged to the succession, Patrick Spezio failed to pursue his motion to traverse; rather, he dismissed it with prejudice after the judgment of possession was rendered. Nor did he appeal that judgment rendered in the succession proceeding.
[1] The act establishing the trust provided that "[t]he trust property shall consist of ... One Hundred Dollars ... together with such other property as may be added." The act further stated that the real estate listed on an addendum would be included in the trust property