LGAIDRY, J.
Plaintiff appeals a trial court judgment dismissing her petition for nullity with prejudice after granting defendant’s exceptions of no cause of action and insufficiency of service of process. For the following reasons, we reverse the trial court’s judgment insofar as it granted the exception of no cause of action and amend the judgment to grant Liberty Mutual’s motion for summary judgment.
FACTS AND PROCEDURAL HISTORY
Plaintiffs, Señora Zenon, individually and as administratrix and natural tutrix of the estate of her minor child, Katrice Zen-on, and Keita Jones, individually and as administratrix and natural tutrix of the estate of her minor children, Tyrielle Lane and Trase Lane, filed a petition for damages against several defendants, including the defendant in the instant suit, Liberty Mutual Fire and Casualty Insurance Company, following an automobile accident.
Liberty Mutual first propounded discovery to plaintiffs on February 23, 2000. The discovery was again propounded on September 6, 2000. On October 6, 2000, Liberty Mutual filed a motion to compel plaintiffs’ response to discovery, and a hearing was set for November 7, 2000. The plaintiffs and Liberty Mutual entered into a consent judgment, which was signed by the trial judge and the attorneys for the parties on November 13, 2000, wherein the parties agreed that plaintiffs would provide the requested discovery to Liberty Mutual by November 21, 2000, in failure of which Liberty Mutual could file a motion to dismiss.
On March 27, 2001, Liberty Mutual filed a Motion for Dismissal and/or Contempt, asking the court to dismiss plaintiffs’ claims against Liberty Mutual with prejudice for failure to comply with the November 13, 1 o2000 Consent Judgment. This motion contains a Certificate of Service, dated March 23, 2001 and signed by John F. Deas, attorney for Liberty Mutual, which stated:
I hereby certify that a copy of the foregoing pleading has been served upon counsel for all parties by mailing same to each properly addressed and postage prepaid on this 23rd day of March, 2001.
The trial court set Liberty Mutual’s Motion for Dismissal for hearing on May 15, 2001. Service was requested on plaintiffs through their attorney of record, Hollis Shepherd, at his office. The sheriffs return shows that service was made on Hollis Shepherd on April 4, 2001, through his secretary, “S. Vincent.”
A hearing was held on the Motion for Dismissal on May 15, 2001, after which the .trial court granted the motion, dismissing plaintiffs’ claims against Liberty Mutual with prejudice. The Notice of Judgment filed in the record shows that the notice and a certified copy of the judgment was mailed to Hollis Shepherd on May 24, 2001.
Plaintiffs did not file a motion for new trial or an appeal within the applicable delays. Instead, they filed a Petition to *644 Nullify Judgment on May 20, 2002, more than a year after the judgment was rendered. In this petition, the plaintiffs claim that the judgment of dismissal should be annulled because they did not receive notice of the hearing on the Motion for Dismissal as required by La. C.C.P. arts. 1235 and 1314.
Liberty Mutual filed an Exception of Insufficiency of Service of Process and Exception of No Right and/or No Cause of Action, and Motion for Summary Judgment. After a hearing, the trial court granted the exception of no cause of action and granted the exception of insufficiency of service of process. Since the trial court granted the exception of no cause of |4action, the motion for summary judgment was moot. In an October 22, 2002 judgment, the trial court dismissed the plaintiffs’ Petition to Nullify Judgment with prejudice.
The plaintiffs appeal this October 22, 2002 judgment, arguing that the trial court erred in granting the exception of no cause of action and dismissing their suit with prejudice.
DISCUSSION
Louisiana Code of Civil Procedure article 2002 provides that a final judgment shall be annulled if it is rendered against a defendant who has not been served with process as required by law. This article has been interpreted to also provide for a nullity action by a defendant-in-rule, as plaintiffs were in this case. See Tanner v. Travelers, 389 So.2d 721 (La.App. 4 Cir. 1980).
An action to annul a judgment under La. C.C.P. art. 2002 may be brought at any time, except that a defendant who voluntarily acquiesced in the judgment, or who was present in the parish at the time of its execution and did not attempt to enjoin its enforcement, may not annul the judgment. La. C.C.P. art. 2003.
In reviewing trial court’s ruling sustaining exception of no cause of action, the reviewing court should subject the case to a de novo review as the exception raises a question of law and the trial court’s decision is based only on sufficiency of the petition. City of New Orleans v. Board of Commissioners of Orleans Levee District, 93-0690 (La.7/5/94), 640 So.2d 237. The trial court granted the exception of no cause of action because it found that after receiving notice of the Judgment of Dismissal, plaintiffs acquiesced in the judgment and it became a final judgment.
| fiWe do not believe that this is a proper interpretation of article 2003. There was no “execution” of the judgment in this case. The last thing that occurred was the mailing of the notice of the Judgment of Dismissal. We simply do not feel that this was “execution of the judgment” in which plaintiffs could have acquiesced. Therefore, Liberty Mutual’s exception of no cause of action should not have been granted on this ground.
Having found that the trial court erred in granting the exception of no cause of action and having a complete record before us, we will now address Liberty Mutual’s motion for summary judgment.
A motion for summary judgment is a procedural device used to avoid a fullscale trial when there is no genuine factual dispute. Sanders v. Ashland Oil, Inc., 96-1751, p. 5 (La.App. 1 Cir. 6/20/97), 696 So.2d 1031, 1034, writ denied, 97-1911 (La.10/31/97), 703 So.2d 29. Summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that mover is entitled to judgment as a matter *645 of law. La. C.C.P. art. 966(B). Summary judgment is favored and “is designed to secure the just, speedy, and inexpensive determination of every action.” La. C.C.P. art. 966(A)(2).
The initial burden of proof remains with the mover and is not shifted to the non-moving party until the mover has properly supported the motion and carried the initial burden of proof. Only then must the non-moving party “submit evidence showing the existence of specific facts establishing a genuine issue of material fact.” See Scott v. McDaniel, 96-1509, p. 5 (La.App. 1 Cir. 5/9/97), 694 So.2d 1189, 1191-1192, writ denied, 97-1551 (La.9/26/97), 701 So.2d 991. If the non-moving party fails to do so, there is no |figenuine issue of material fact and summary judgment should be granted. La. C.C.P. arts. 966 and 967.
In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. Sanders, 96-1751 at 7, 696 So.2d at 1035. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to this case. Walker v. Phi Beta Sigma Fraternity (RHO Chapter), 96-2345, p. 6 (La.App. 1 Cir. 12/29/97), 706 So.2d 525, 528.
The return of an officer on judicial process is presumed to be correct and should not be overthrown except by clear and convincing evidence. While no valid judgment can be rendered without a legal citation, in order that uncertainty and confusion might be avoided as to the validity of judgments, great reliance must be placed on the returns made by sworn officers who are entrusted with the service of process. For this reason, a rule has developed which requires more than the uncorroborated evidence of a single witness to overcome the presumption attaching to the correctness of the return on process made by a sworn officer. Smith v. Crescent Chevrolet, 1 So.2d 421 (La.App. 1 Cir. 1941).
Plaintiffs admit in their petition that the sheriffs return on service showed that the rule had been served upon Secretary S. Vincent. Plaintiffs’ attorney argued in his memorandum in opposition to Liberty Mutual’s motion for summary judgment that he never had a secretary or any other employee named S. Vincent or anything similar to that. However, there were no affidavits introduced to that effect, nor was there any testimony at the hearing, which plaintiffs’ attorney did not even attend. Furthermore,^^plaintiffs’ attorney’s uncorroborated testimony that he did not know a “S. Vincent,” had it been in evidence, would not have been sufficient under the law to overcome the presumption of correctness of the sheriffs return. Thus, summary judgment is appropriate in this case.
DECREE
For the above reasons, the judgment of the trial court is reversed to the extent that it granted Liberty Mutual’s exception of no cause of action. The judgment is also amended to grant Liberty Mutual’s motion for summary judgment for the reasons stated above.
REVERSED IN PART AND AMENDED.
FITZSIMMONS, J., concurs in the result.