980 So.2d 196 (2008)
Thomas MOODY, Individually and on Behalf of his Minor Daughter XYZ, Plaintiff-Appellant
v.
David STEVENSON and Linda Morrow Stevenson, Defendants-Appellees.
No. 43,144-CA.
Court of Appeal of Louisiana, Second Circuit.
March 26, 2008.
Christine Voelkel, Mandeville, for Appellant.
Steven R. Thomas, Mansfield, for Appellees, David Stevenson and Linda Morrow Stevenson.
*197 Michael S. Hubley, Shreveport, for Appellee, State Farm Fire and Casualty Company.
Before BROWN, PEATROSS & DREW, JJ.
PEATROSS, J.
Plaintiff, Thomas Moody, appeals a judgment granting an Exception of No Cause of Action and Motion for Summary Judgment in favor of Defendants, David and Linda Morrow Stevenson, and the subsequent denial of his Motion for New Trial and/or, alternatively, Motion for Reconsideration and Exception of Insufficiency of Service and/or, alternatively, Motion to Annul Judgment.
After a thorough review, we find that there was insufficient service of process in this case, and we vacate the judgment of the trial court and remand the matter for further proceedings.

FACTS
Thomas Moody filed suit in proper person on December 15, 2006, against David and Linda Morrow Stevenson,[1] for alleged acts of sexual assault committed by Mr. Stevenson against Mr. Moody's minor daughter. Mr. Moody was married to Teresa Moody, mother of the child, at the time the alleged abuse occurred. Linda Stevenson is the mother of Ms. Moody. David Stevenson, Linda's husband, is the step-grandfather of the child. The Stevensons were babysitting the child one evening on or about December 19, 2005, when Ms. Stevenson was called away to care for her sick mother. The child was left in the sole care of Mr. Stevenson. During this time, the Moodys received a telephone call from Mr. Stevenson requesting that they return and pick up the child, which they immediately did. It was while she was alone with her step-grandfather that the alleged sexual abuse occurred. Mr. Moody alleged that the child vomited several times after getting home that night and went to bed. According to Mr. Moody, the following day, while he was away from the home, the child related to Ms. Moody what had allegedly occurred with her step-grandfather.
The record indicates that there was a criminal investigation; however, there is no indication that any charges were ever filed in the matter. The Moodys subsequently separated and Ms. Moody was awarded sole custody of the child by judgment rendered March 6, 2006, and signed March 23, 2006, with visitation in favor of Mr. Moody.[2] As previously stated, Mr. Moody filed this suit in proper person in December 2006, individually and on behalf of the child, for damages allegedly sustained by each of them as a result of the sexual abuse. During this time, Mr. Moody represented his address to be that of his mother in Kiln, Mississippi.
On January 24, 2007, the Stevensons filed a Peremptory Exception arguing that Mr. Moody had no cause of action and attempted to serve Mr. Moody by certified mail at the Kiln, Mississippi, address. The return came back "attempted-not known" and he was not present or represented at the hearing on February 12, 2007. Counsel for the Stevensons informed the court that he would then file a motion for summary judgment and attempt to serve Mr. Moody again via the long-arm statute.
Subsequently, in April 2007, Mr. Moody retained the assistance of an attorney in New Orleans, Mary Grace Knapp, who *198 wrote a letter to counsel for the Stevensons in which she stated that she was engaged to represent Mr. Moody "for purposes of settlement" only. Counsel for the Stevensons corresponded with Ms. Knapp, advising her that settlement was out of the question. Soon thereafter, on May 7, 2007, the Stevensons filed the Motion for Summary Judgment and to Refix Peremptory Exception that is at issue in this appeal. Long-arm service was attempted on Mr. Moody by mailing the pleading, via certified mail, to the Kiln, Mississippi, address. The return receipt again came back marked "attempted-not known." A copy of the pleading was also mailed, by certified mail to Ms. Knapp. The new hearing date was June 14, 2007. Mr. Moody did not appear, nor did anyone appear on his behalf on that date; however, counsel for the Stevensons introduced an affidavit of service at the hearing and argued the motion. As previously stated, by judgment of June 20, 2007, the peremptory exception and motion for summary judgment were granted in favor of the Stevensons. The trial judge further ordered sanctions against Mr. Moody in the amount of $5,000 for the filing of a frivolous lawsuit.
On June 29, 2007, Mr. Moody, in proper person, filed a Motion for New Trial and/ or, alternatively, Motion for Reconsideration and Exception of Insufficiency of Service and/or, alternatively, Motion to Annul Judgment. Thereafter, on July 18, 2007, attorney Christine Voelkel, partner of Ms. Knapp, enrolled as counsel of record for Mr. Moody. Briefs were submitted and, ruling on the arguments in brief, the trial court denied Mr. Moody's exceptions/motions. This appeal ensued.

DISCUSSION
On appeal, Mr. Moody assigns the following as error (verbatim):
1. The trial court decision which granted the Appellee's Motion for Summary Judgment and Exception of No Cause of Action, and the trial court's decision which denied after consideration Appellant's Motion for Reconsideration and/or Motion for New Trial and Exception of Insufficiency of Service and/or alternatively Motion to Annul Judgment with Incorporated Memorandum in Support were clearly erroneous and should be accordingly reversed.

Service of Process
Service of process under Louisiana's long-arm statute is governed by La. R.S. 13:3201, et seq. Specifically, La. R.S. 13:3204 sets forth the mandatory manner in which service of process must be made under the long-arm statute and provides, in pertinent part:
A. In a suit under R.S. 13:3201, a certified copy of the citation or the notice in a divorce under Civil Code Article 102 and of the petition or a certified copy of a contradictory motion, rule to show cause, or other pleading filed by the plaintiff in a summary proceeding under Code of Civil Procedure Article 2592 shall be sent by counsel for the plaintiff, or by the plaintiff if not represented by counsel, to the defendant by registered or certified mail, or actually delivered to the defendant by commercial courier, when the person to be served is located outside of this state or by an individual designated by the court in which the suit is filed, or by one authorized by the law of the place where the service is made to serve the process of any of its courts of general, limited, or small claims jurisdiction.
Section 3205 provides that "no hearing may be held on a contradictory motion, rule to show cause, or other summary *199 proceeding . . . until thirty days after the filing in the record of the affidavit of the individual" who mailed the process to the defendant (or party recipient). (Emphasis added.) Personal jurisdiction over non-residents requires strict compliance with the procedural requirements of the long-arm statute. Clay v. Clay, 389 So.2d 31 (La.1979). A judgment obtained without strict compliance with La. R.S. 13:3205 is an absolute nullity. Davis v. Tele-Total, Inc., 465 So.2d 948 (La.App. 2d Cir.1985); Corte v. Cash Technologies, Inc., 02-0846 (La.App. 1st Cir.4/2/03), 843 So.2d 1162.
In the case sub judice, the affidavit of service of process on Mr. Moody was filed on the morning of the hearing, June 14, 2007. This late filing fails to meet the requirement of Section 3205 of filing of the affidavit of service 30 days prior to the hearing. Strict compliance dictates that the resulting judgment is an absolute nullity. Davis, supra; Corte, supra.
The Stevensons further urge that the certified mailing of the pleading to Ms. Knapp effected service on Mr. Moody because she was his attorney. We disagree. La. C.C.P. arts. 1312-1314 allow for the service of pleadings, except for the original petition, on the attorney of record. At the time of the attempted service on Ms. Knapp as Mr. Moody's attorney in this case, she had not enrolled as Mr. Moody's attorney of record, nor had Mr. Moody made any general appearance through her as counsel as intended under those articles. Service of process on Ms. Knapp was, therefore, not effective as to Mr. Moody. See Richardson v. O'Neal, 30,599 (La.App. 2d Cir.5/13/98), 716 So.2d 26; Jinright v. Glass, 06-888 (La.App. 5th Cir.2/27/07), 954 So.2d 174, writ denied, 07-0570 (La.5/4/07), 956 So.2d 618.
In addition, we note that a pleading that requires an answer or appearance must be properly served by the sheriff, not by mailing. Barrios v. Barrios, 95-1390 (La.App. 1st Cir.2/23/96), 694 So.2d 290, writ denied, 96-0743 (La.5/3/96), 672 So.2d 691. A motion for summary judgment is such a pleading. Service of the exception and motion in this case, had there been an attorney of record upon which to effect service, would have required proper service by the sheriff; service by mail was improper.
Finally, we find no evidence in the record to indicate that Mr. Moody had actual knowledge of the June 14, 2007 hearing date on the Peremptory Exception and Motion for Summary Judgment. There is some indication that he may have been assisted somewhat by the law firm of Ms. Knapp and Ms. Voelkel; however, it would amount to speculation to conclude that this association imputes knowledge of this particular pleading and hearing date.
In summary, since the attempted service on Mr. Moody was not in strict compliance with the long-arm statute, the judgment rendered herein is an absolute nullity. Service on Mr. Moody was not effected by the attempted service on Ms. Knapp.

CONCLUSION
For the foregoing reasons, we vacate the judgment of the trial court and remand for further proceedings. Costs are assessed to Defendants, David and Linda Morrow Stevenson.
VACATED AND REMANDED.
NOTES
[1] The Stevensons' insurer, State Farm, was also a named defendant, but was dismissed from the suit on summary judgment.
[2] The Moodys were ultimately divorced by judgment dated May 17, 2007.