35 So.3d 384 (2010)
Ann Marie FISHER, et al.
v.
MAJESTIC TRUCKING, INC., et al.
No. 2009-CA-1398.
Court of Appeal of Louisiana, Fourth Circuit.
March 17, 2010.
*385 Eugene P. Redmann, Metairie, LA, for Plaintiffs/Appellants.
David R. Rabalais, Rabalais Williams, L.L.C., Lafayette, LA, for Defendant/Appellee, American Empire Surplus Lines Insurance Company.
(Court composed of Judge JAMES F. McKAY, III, Judge EDWIN A. LOMBARD, Judge PAUL A. BONIN).
PAUL A. BONIN, Judge.
Ann Marie Fisher Tessier, the widow of George Tessier III, sued American Empire Surplus Lines Insurance Company, among others, seeking damages for the wrongful death of her husband. American Empire filed a motion for summary judgment which was granted, resulting in its dismissal with prejudice from these proceedings. Because we find merit in Ms. Tessier's assignment of error that proof of long-arm service of the motion for summary judgment upon her was deficient, we vacate and remand to the district court.

I
At the time that American Empire filed its motion, Ms. Tessier was not represented by counsel, she was residing outside of this state,[1] and apparently she had not appointed an in-state agent for service of process. See La. C.C.P. arts. 5251(2) and (11) and 1235 A. When the motion for summary judgment was filed, the court set a rule to show cause why the motion should not be granted. See La. C.C.P. arts. 963, 2592(3) and 2593. The court assigned the hearing on the motion for June 19, 2009 at 9:00 A.M. See La. C.C.P. art. 2594 ("... A copy of the contradictory motion, rule to show cause, or other pleading filed by the plaintiff in the proceeding, and of any order of court assigning the date and hour of the trial thereof, shall be served upon the defendant.")[2]
La. C.C.P. art. 966 B provides:

*386 The motion for summary judgment and supporting affidavits shall be served at least fifteen days before the time specified for the hearing. . . . The adverse party may serve opposing affidavits and any memorandum in support thereof shall be served pursuant to Article 1313 at least eight days prior to the date of the hearing unless the Rules for Louisiana District Courts provide to the contrary. . . .
We have consistently held that a motion for summary judgment must be served by the sheriff. See La. C.C.P. art. 1314 and Ainsworth v. Ainsworth, 03-1626, pp. 8-9 (La.App. 4 Cir. 10/22/03), 860 So.2d 104, 112.[3]
A sheriff generally "may exercise his civil functions only in the parish for which he was elected." La. C.C.P. art. 322; see also La. C.C.P. art. 1291. Because the service upon a nonresident cannot be effected by any sheriff outside the state, service must be effected by the long-arm statute, which was the service requested by American Empire at the time of the filing of its motion. The procedure for service and for proof of service is provided by La. R.S. 13:3205:
No default judgment can be rendered against the defendant and no hearing may be held on a contradictory motion, rule to show cause, or other summary proceeding, except for actions pursuant to R.S. 46:2131 et seq., until thirty days after the filing in the record of the affidavit of the individual who either:

(1) Mailed the process to the defendant, showing that it was enclosed in an envelope properly addressed to the defendant, with sufficient postage affixed, and the date it was deposited in the United States mail, to which shall be attached the return receipt of the defendant; or
(2) Utilized the services of a commercial courier to make delivery of the process to the defendant, showing the name of the commercial courier, the date, and address at which the process was delivered to the defendant, to which shall be attached the commercial courier's confirmation of delivery; or
(3) Actually delivered the process to the defendant, showing the date, place, and manner of delivery.
(all emphasis added.)

II
"The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. . . ." La. C.C.P. art. 2164 (emphasis added). The record contains only an incomplete form styled "Affidavit" which is unsigned and, of course, not notarized; it is prepared for the signature of an employee of American Empire's counsel; it purports to *387 set out the dates, which are left blank, on which Ms. Tessier was served by certified mail, return receipt requested. We are not unaware that American Empire has attached a completed and executed affidavit to its appellate brief and has made certain representations that the trial judge considered the attached affidavit before rendering judgment. We, however, have consistently held that
The appellate briefs and motions of the parties and attachments thereto are not a part of the record on appeal, and this court has no authority to consider on appeal facts referred to therein, or in exhibits attached thereto, if those facts are not in the record on appeal.
Board of Directors of Industrial Development Board of City of New Orleans v. All Taxpayers, Property Owners, Citizens of City of New Orleans, 03-0826, p. 4 (La. App. 4 Cir. 5/29/03), 848 So.2d 740, 744 (emphasis added). See also Littlejohn v. Quiram, 01-0075, p. 2 (La.App. 4 Cir. 10/24/01), 800 So.2d 73, and Miller v. Crescent City Health Care Center, 08-1347, pp. 7-11 (La.App. 4 Cir. 5/28/09), 24 So.3d 891, 898-901 (Tobias, J., concurring in part and dissenting in part). The record is, however, devoid of any evidence that the affidavit by counsel's employee was filed in the record, much less that it was filed at least thirty days before the June 19, 2009, hearing. And American Empire's attachments to and assertions in its brief, even if they could be considered, would not support such a conclusion. The provisions of the long-arm statute mandate that no judgment could be rendered against Ms. Tessier "until thirty days after the filing in the record of the affidavit" of the employee of American Empire's counsel. See, e.g., White v. White, 398 So.2d 1257 (La.App. 4th Cir.1981).
The second circuit was confronted with a very similar situation subsequent to the amendments to La. C.C.P. art. 1313, which were effective January 1, 2000.[4] In Moody v. Stevenson, 43,144 (La.App. 2 Cir. 3/26/08), 980 So.2d 196, 199, the defendant filed a motion for summary judgment against the plaintiff, an unrepresented nonresident; the defendant did not file its affidavit of service of process until the morning of the hearing. The Moody court decided, and we agree, that strict compliance with the procedural requirements of the long-arm statute is required such that a summary judgment obtained without strict compliance is an absolute nullity. The Moody court vacated the summary judgment and remanded the case to the district court.
American Empire argues that this is "hypertechnical." It essentially argues that Ms. Tessier had actual notice of the hearing, which ought to be sufficient. We disagree. As we stated in Chaney v. Coastal Cargo, Inc., 98-1902, p. 4 (La.App. 4 Cir. 1/20/99), 730 So.2d 971, 973,
It is a basic principle of our legal system that a final judgment cannot be rendered against a party who has not been provided with proper notice. We disagree with defendants' claim that actual notice of the hearing by plaintiff relieves defendants of the responsibility of providing proper notice. (citation omitted).
Ms. Tessier did not make a general appearance at the hearing on the motion for *388 summary judgment and she did not argue the motion on its merits. See Strickland v. Board of Sup'rs of Louisiana State University and Agr. And Mechanical College, 432 So.2d 964, 967 (La.App. 4th Cir.1983). Nonetheless the district judge proceeded to the hearing on the motion and rendered judgment that same day, granting the summary judgment and dismissing with prejudice Ms. Tessier's cause of action against American Empire. Accordingly, as did the Moody court, we vacate the summary judgment and remand the matter to the district court.

III
Ms. Tessier urges eight other assignments of error.[5] Because we conclude that her assignment of error correctly challenged the failure of counsel for American Empire to file timely into the record the affidavit of service, we need not consider her remaining assignments.

DECREE
For the foregoing reasons, we vacate the judgment rendered on June 19, 2009, and remand this matter to the district court for further proceedings.
VACATED AND REMANDED.
McKAY, J., concurs.
I concur with the majority and would also reverse the trial court's granting of summary judgment. There are issues of material fact which make summary judgment inappropriate in this instance.
NOTES
[1] Although Ms. Tessier was a nonresident, the court already had personal jurisdiction over her because she had commenced the lawsuit. See La. C.C.P. art. 6.
[2] For the purposes of our discussion considering the service of a motion for summary judgment through a rule to show cause, the "defendant" upon whom service must be made may be the plaintiff, who is then customarily referred to as the "defendant-in-rule." See, e.g., Spezio v. Spezio, 01-1789, p. 7 (La.App. 4 Cir. 9/10/003), 857 So.2d 5, 9, and Oster v. Oster, 563 So.2d 490, 491 (La.App. 4th Cir. 1990) as well as Bentley v. Fanguy, 08-1052 (La.App. 3 Cir. 3/4/09), 2009 WL 529904 (unpub.) and Zenon v. Liberty Mutual Fire and Casualty Insurance Company, 03-0971, p. 4 (La.App. 1 Cir. 4/2/04), 871 So.2d 642, 644.
[3] There is a difference of opinion about whether Ainsworth countenances service of a motion for summary judgment by certified or registered mail under La. C.C.P. art. 1313 C. See Hill v. Lopez, 05-0182, p. 6 n. 5 (La.App. 1 Cir. 2/22/06), 929 So.2d 80, 84 n. 5 ("We note, however, that the Fourth Circuit has concluded that a motion for summary judgment still requires service by the sheriff under the present language of La. C.C.P. art. 1313."). But see Frank L. Maraist, 1 Louisiana Civil Law Treatise: Civil Procedure, § 8:6 n. 2 (2nd ed.2008) citing Ainsworth for the proposition that "a motion for a summary judgment is the kind of contradictory motion contemplated by CCP Article 1313(C); thus service must be effected either by registered or certified mail or by the sheriff." We need not resolve this issue because American Empire neither filed an appropriate certificate of service in the trial court under La. C.C.P. art. 1313 B nor asserted in its argument on appeal that service by certified or registered mail was sufficient. See La. C.C.P. art. 2133 B.
[4] Some of the amendments to Article 1313 were recommended by the Louisiana State Law Institute. Subsection C was not one of the recommendations, but House Bill 780 was amended in committee and subsection C was added. There was no specific discussion about whether the lawmakers intended to change the requirements for service of a motion for summary judgment. See Minutes of Meeting of April 20, 1999, House Committee on Civil Law and Procedure.
[5] Ms. Tessier seems to include among her arguments that an earlier summary judgment, which was rendered on September 30, 2008, and which dismissed with prejudice her claims against Rudolph Stout, Debrock, Inc., and American Home Assurance Company, is the subject of this appeal. The record contains no motion for appeal from that judgment, which is now final. See La. C.C.P. art. 2087. We express no opinion on whether that judgment is subject to the action of nullity as Ms. Tessier argues in her brief. See La. C.C.P. art. 2002.