# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## CW 03-1497 consolidated with CW 03-1498, CW 03-1616

**DON LEGER, ET AL.**

**VERSUS**

**JOHN HAAS WEINSTEIN, ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2003-3265-B
HONORABLE JULES DAVID EDWARDS III, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**JOHN D. SAUNDERS**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Michael G. Sullivan, and Elizabeth A. Pickett, Judges.

### WRITS DENIED IN PART, GRANTED IN PART, REMANDED.

Marc W. Judice
Michael Wayne Adley
Judice and Adley
P. O. Drawer 51769
Lafayette, LA 70505-1769
(337) 235-2405
Counsel for: Defendant/Applicant
John Haas Weinstein

**Mark L. Ross**
**Attorney at Law**
**600 Jefferson, #512, Box 23**
**Lafayette, LA 70501**
**(337) 266-2345**
**Counsel for: Plaintiff/Respondent**
**Noelle Leger**
**Sarah Leger**
**Lon M. Baronne**
**Lon M. Baronne, Jr**
**Benjamin Baronne**
**Jeanette Leger**
**Karen Baronne**
**Don Leger**

**SAUNDERS, J.**

The issue upon which Defendants have sought supervisory writs arises from his allegedly negligent representation of Plaintiffs. Don Leger, individually and on behalf of his minor children, retained the services of John Haas Weinstein, APLC and John Haas Weinstein, Esq. (hereinafter collectively referred to as "Weinstein") to bring a malpractice action against Fred Bailey and Fred Bailey, APLC (hereinafter collectively referred to as "Bailey"). Plaintiffs alleged that Bailey was negligent in handling matters related to their grandfather's estate. Weinstein failed to take any steps in the prosecution of the action against Bailey for three years and the case was dismissed. Plaintiffs filed a second malpractice action against Weinstein for allowing the first malpractice action against Bailey to be abandoned.

**FACTS AND PROCEDURAL HISTORY**

On behalf of Plaintiffs, Weinstein filed a Petition for Damages for legal malpractice against Bailey on October 16, 1996. Plaintiffs became dissatisfied with Weinstein's representation so they retained their current counsel of record, Mark Ross, to handle the suit against Bailey. A joint Motion to Substitute counsel was signed on March 12, 2002 and Mr. Ross commenced his representation of Plaintiffs. Shortly thereafter, on May 2, 2002, Bailey filed an ex parte Motion to Dismiss the suit alleging that it had been abandoned. Bailey's motion was granted and the case was dismissed on May 10, 2002. Without the consent of his former clients, Weinstein moved to set aside the dismissal of the case against Bailey. Weinstein's motion to set aside the dismissal was originally scheduled for hearing on August 5, 2002; however, it was continued without date.

On September 20, 2002, approximately four months after the dismissal was

granted and before the hearing on Weinstein's motion to set aside the dismissal, Plaintiffs brought a malpractice action against Weinstein on the grounds that he allowed the case against Bailey to be abandoned and dismissed. Subsequently, on November 21, 2002, prior to the hearing on Weinstein's motion to set aside the dismissal, Weinstein filed an Exception of Prematurity. Weinstein claimed that any malpractice action was premature until the court ruled on his motion to set aside the dismissal because, if the dismissal was set aside, there would be no grounds for malpractice. The exception was granted on December 24, 2002; however, the trial judge refused to dismiss the case at that time. Weinstein then sought a supervisory writ from this court arguing that the case against him had to be dismissed because the Exception of Prematurity was granted. We held that, after the exception was granted, the trial court had no authority to act further in the case. The trial court dismissed the action against Weinstein without prejudice on June 2, 2003. Plaintiffs re-filed the current action on June 19, 2003.

Weinstein's motion to set aside the dismissal was heard on January 15, 2003. At that hearing, the trial court concluded that Weinstein lacked standing to challenge the dismissal of the suit against Bailey. This court affirmed that ruling on August 13, 2003, after the first malpractice action against Weinstein was dismissed as premature. Thereafter, Defendants filed an Exceptions of Prematurity, Res Judicata, and Peremption alleging that the subsequent suit against Weinstein should be dismissed and Plaintiffs filed an Exception of Res Judicata on the issue of liability for the abandonment of the Bailey matter. These exceptions were argued on November 3, 2003 and judgment was rendered in favor of Plaintiffs on all issues.

2

**ASSIGNMENTS OF ERROR**

1) The trial court erred when it denied the Exception of Prematurity.

2) The trial court erred when it denied the Exception of Res Judicata.

3) The trial court erred when it denied the Exception of Peremption.

4) The trial court erred when it granted Plaintiffs' Exception of Res Judicata.

**STANDARD OF REVIEW**

When reviewing questions of law, appellate courts are to determine if the trial court's ruling was legally correct or not. *Cleland v. City of Lake Charles*, 02-0805 (La.App. 3 Cir. 3/5/03), 840 So.2d 686, *writ denied*, 03-1380 (La. 9/19/03), 853 So.2d 644.

**ASSIGNMENT OF ERROR NUMBER ONE**

Defendants argue that the most recent malpractice action is premature because the malpractice action against Bailey is still going through the appellate process. Until that process is exhausted, Weinstein argues, there is no final judgment of dismissal in the Bailey matter and any suit against Defendant based upon that dismissal is premature.

This assignment lacks merit for two reasons. First, there is now a binding final judgment of dismissal in the Bailey matter. The only issue remaining was whether Weinstein had standing to challenge the order of dismissal in that case. This court, agreeing with the trial court, dismissed Weinstein's appeal of the trial court's ruling that he lacked standing to challenge the dismissal. *Leger v. Bailey*, 03-0806, 03-0820 (La.App. 3 Cir. 8/13/03), 852 So.2d 3. We took the same action on rehearing. *Leger*

3

*v. Bailey*, 03-0806, 03-0820 (La.App. 3 Cir. 1/28/04), 864 So.2d 909. Finally, the supreme court denied certiorari. *Leger v. Bailey*, 04-0513 (La. 4/8/04), 870 So.2d 276. Accordingly, the Bailey matter has concluded and the judgment of dismissal is now final.

Second, in *Reeder v. North*, 97-0239 (La. 10/21/97), 701 So.2d 1291 the supreme court overruled prior jurisprudence dealing with the prematurity of legal malpractice actions. The supreme court held that a client does not have to wait until a matter that was negligently handled by his attorney has been through the complete appellate process before a malpractice action may be brought. Accordingly, we find that Defendants' argument that the case was premature because the appellate process, which is now complete, was still ongoing is without merit. The trial judge's ruling in this regard is affirmed.

**ASSIGNMENT OF ERROR NUMBER TWO**

Defendants argue that the prematurity issue is res judicata. The basis of this argument is that the previous suit brought against Weinstein was dismissed as premature. The fundamental difference between that action and the case at bar is that the first case was deemed premature because the judge presiding over the *Leger v. Bailey* matter had not yet decided whether Weinstein had standing to challenge the order of dismissal in that case. Accordingly, the trial judge in the prior Weinstein case determined that the case was premature until there was a judgment in the Bailey matter bearing upon Weinstein's standing. By the time the present action was filed, the judge in the Bailey matter ruled that Weinstein lacked standing to challenge the dismissal of that action. These standing issues, therefore, are not present in this

4

matter. This assignment lacks merit and the ruling of the trial court is affirmed.

**ASSIGNMENT OF ERROR NUMBER THREE**

By assigning the trial court's failure to sustain the Exceptions of Prematurity and Peremption as error, Defendants are essentially claiming that Plaintiffs' malpractice claim expired before it came into existence. Defendants cite *Reeder*, 701 So.2d 1291, in support of this argument. In *Reeder,* defendant attorney represented a client in an action against the alleged perpetrators of a Ponzi scheme. *Id*. Suit was originally brought in the Eastern District of Louisiana for violations of various federal and state securities laws; however, it was summarily dismissed with prejudice. *Id*. Defendant then filed a second suit, this time in state court, that was based upon the same course of conduct as the federal suit. *Id*. The state court suit was ultimately dismissed when our supreme court ruled that plaintiff was precluded from asserting the state law claims because they were not alleged in the federal suit filed on July 10, 1989. *Id*. Plaintiff then filed a malpractice action, on September 15, 1994, against defendant for negligently failing to bring all claims in the first action. *Id*. That suit was subsequently dismissed by the trial court because of peremption. *Id.*

Plaintiff appealed and the dismissal was reversed. *Id*. The appellate court held that peremption does not begin to run until the facts have "ripened into a viable cause of action sufficient to support a lawsuit." *Id*. at 1295. Based upon this reasoning, that court held that the cause of action arose on February 28, 1994 when the Supreme Court of the United States denied certiorari; therefore, the suit was not perempted because it was filed within one year of that date. Our supreme court disagreed with the appellate court. *Id*. Despite recognizing that a claim for malpractice may very

5

well be extinguished before it accrues, the court held that the peremptive period begins to run on the date of the alleged malpractice or the date on which the client discovers or should have discovered the malpractice. *Id*.

Defendants' reliance on *Reeder* is misplaced. In that case, plaintiff only argued that, had he filed suit for malpractice before the supreme court ruled on the underlying case, it may have been dismissed as premature. Plaintiff's argument was based on speculation regarding acts that a court may take in the future. *Reeder* is distinguishable from the case at bar because, in that case, there was no judicial determination that plaintiff did not have a cause of action. Here, Plaintiffs' prior suit agains Weinstein was dismissed because there was no ruling on Weinstein's standing in the Bailey matter. That judgment is the law of this case. The law of the case doctrine essentially provides that final judgments rendered during the course of litigation become the law of the parties to that litigation. *Barnett v. Jabusch*, 94-819 (La.App. 3 Cir. 2/1/95), 649 So.2d 1158. Utilization of this doctrine is discretionary; however, its application is called for when it is necessary to produce consistent results in the same litigation. *Id*.

There will be no consistency of result if the doctrine is not applied to the instant matter. We have already determined that Plaintiffs' claim had to be dismissed when the trial judge ruled that it was premature until the issue of Weinstein's standing was resolved. *See Braud v. New England Ins. Co.*, 576 So.2d 466 (La.1991). We cannot think of a more inconsistent result than now holding that the same claim is perempted. To do so would be to hold that the claim is premature and perempted at the same time. This inconsistency was recognized by the trial judge at the hearing on

6

Defendants' last Exception of Prematurity, wherein the following dialogue took place:

> **THE COURT:** So this is a case that is perpetually premature until it is prescribed?
>
> **MS. REGAN:** Or until there was a final finding by the Third Circuit or as to the underlying claim.
>
> **THE COURT:** So this is a claim that cannot be adjudicated, it is either premature, or it has prescribed, but it cannot be heard?
>
> **MS. REGAN:** At this time.

Holding that the claim was premature until it is perempted results in the patently inconsistent results the law of the case doctrine is intended to avoid.

Obtaining consistent results, however, is not sufficient to justify application of the doctrine. Its use should be declined if "it will 'accomplish an obvious injustice or where the former appellate decision was manifestly erroneous.'" *Thomas v. Browning-Ferris, Inc.*, 03-1518, p. 3 (La.App. 3 Cir. 3/31/04), 871 So.2d 1161, 1164 (quoting *Dodson v. Cmty. Blood Ctr. of La., Inc.*, 633 So2d 252, 255 (La.App. 1 Cir. 1993), *writs denied*, 93-3158 (La. 3/18/94), 634 So.2d 850, and 93-3174 (La. 3/18/94), 634 So.2d 851). We see no possible way that injustice could result from application of the law of the case doctrine here. In fact, we believe serious injustice will occur if the doctrine is not applied. Failing to adhere to the law of this case would result in Plaintiffs having a viable claim for malpractice that courts are not allowed to hear. The trial judge expressed this same concern at the hearing on Defendants' Exception of Peremption in stating:

> **THE COURT:** I cannot think – well, I cannot – I believe, in any case in which the defendants assert that the case is

7

> premature and can't be litigated until such time passes until it – the claim is – has passed the peremptive period, that has got to be an absurd result.
>
> That result is the situation of a case that can never be tried. *I cannot imagine under any circumstances that would be justice; that would be the law of Louisiana. It cannot be.* [emphasis added]

We agree and, therefore, find no injustice in application of the law of the case doctrine.

Furthermore, we do not believe that our prior decision regarding prematurity and accrual of the claim was manifestly erroneous. Plaintiffs' first action against Weinstein was brought before a judgment regarding Weinstein's standing in the Bailey matter was rendered. The supreme court has held that a malpractice suit may be brought against an attorney whenever "appreciable and actual harm" is suffered. *Braud*, 576 So.2d at 468. The court, however, also concluded that "speculative harm, or the threat of future harm" is not sufficient to create a cause of action. *Id*. Until Weinstein's standing was determined, Plaintiffs suffered no appreciable and actual harm because Weinstein conceivably could have had the dismissal set aside. Any injury was purely speculative; therefore, no cause of action for malpractice had arisen. We believe our prior decision regarding the necessity of dismissing a case that was deemed premature was proper.

Moreover, the three elements of an action for legal malpractice are: the existence of an attorney-client relationship, negligent representation by the attorney, and loss to the client caused by that negligence. *Prestage v. Clark*, 97-0524 (La.App. 1 Cir. 12/28/98), 723 So.2d 1086, *writ denied*, 99-0234 (La. 3/26/99), 739 So.2d 800. In the case of a malpractice action based on abandonment, the client suffers no injury

8

until a final judgment of dismissal is entered. Louisiana Revised Statutes 9:5605, however, states that the peremptive period begins to run on the date of the alleged malpractice or the date on which the client discovers or should have discovered the malpractice. Thus, a literal reading of the statute reveals that the elements of a malpractice action are at odds with the limitations on that action. Instead of maintaining consistency in the law, the element requiring actual harm and the statute of limitation are in open and direct conflict. To hold that the peremptive period for a legal malpractice claim begins to run before the client suffers harm is to hold that the legislature intended to change the substantive elements of a legal malpractice action. There are several instances in which this change would render it impossible for someone to timely bring an action for legal malpractice. We see no evidence that this is what the legislature intended.

We agree with the trial judge that it is impossible to "imagine under any circumstances that would be justice; that would be the law of Louisiana. It cannot be."

**ASSIGNMENT OF ERROR NUMBER FOUR**

Defendants argue that the trial judge erred in granting Plaintiffs' Exception of Res Judicata. Weinstein argues that exceptions are procedural devices available only to defendants and that Plaintiffs' motions should properly have been styled as a Motion for Summary Judgment. Furthermore, Weinstein argues, a Motion for Summary Judgment would have been untimely when the pleading was filed because it was filed by Plaintiffs before Defendants answered the Petition. We agree.

Article 921 of the Louisiana Code of Civil Procedure states that "[a]n exception

9

is a means of defense . . . used by a defendant." Furthermore, La.Code Civ.P. art. 923

provides that a peremptory exception is a device for dismissing a plaintiff's action.

Accordingly, we agree that a Motion for Summary Judgment was the proper

procedural device for accomplishing Plaintiffs' goals. We also agree that, had

Plaintiffs styled the pleading as a Motion for Summary Judgment, it would have been

untimely. A plaintiff may not file a Motion for Summary Judgment until after the

defendant has answered the Petition. La.Code Civ.P. art. 966. Defendants had not

yet answered the Petition; therefore, the motion would have been untimely. The trial

court's judgment in this regard is reversed and the matter is remanded for proceedings

in accordance with this opinion.

**CONCLUSION**

We affirm the ruling of the trial court in denying Defendants' Exceptions of

Prematurity, Res Judicata, and Peremption. We reverse the trial court's granting of

Plaintiffs' Exception of Res Judicata and remand the matter for further proceedings

in accordance herewith. All costs are assessed against defendant.

**WRITS DENIED IN PART, GRANTED IN PART, REMANDED.**