906 So.2d 529 (2005)
Samuel WILSON, Jr.
v.
Stacy LeBLANC, Shawn Fulton, and M & M Lounge.
No. 2004 CA 0238.
Court of Appeal of Louisiana, First Circuit.
February 11, 2005.
*530 Thaddesus J. Lassai, Baton Rouge, Counsel for Plaintiff/Appellant Samuel Wilson, Jr.
Mary Brown d/b/a M & M Lounge, White Castle, Defendant/Appellant.
Before: GUIDRY, GAIDRY, and McCLENDON, JJ.
GAIDRY, J.
In this suit arising out of injuries plaintiff received after being beaten by a security guard in a bar, plaintiff appeals the trial court's general damages award, alleging an abuse of discretion. For the following reasons, we vacate the judgment in part and affirm in part.

FACTS AND PROCEDURAL HISTORY
On November 26, 1995, Samuel Wilson, Jr. visited the M & M Lounge with a friend. After passing through security checkpoints, Wilson attempted to join a friend inside, but was stopped by Stacy LeBlanc, a security guard employed by the club, and ordered to leave the club. When Wilson looked around to see if LeBlanc was talking to him or someone else, LeBlanc struck Wilson on the left side of his face with a heavy flashlight, knocking him to the floor. Wilson tried to flee the club as LeBlanc continued to strike him, but Shawn Fulton, another club security guard, closed the door and began striking Wilson with his flashlight. Wilson eventually fled the club through a rear door.
Wilson underwent surgery to repair a fracture of the left zygomatic arch and remained in the hospital for several days. A metal plate, roughly the size of a silver dollar, was fastened to Wilson's face for approximately ten days to secure the facial bones in their proper position. His treating physician noted in December of 1995 that forward, lateral, and rotational movement of Wilson's head were restricted by 45% and his spinal muscles were very tense. He diagnosed Wilson with TMJ *531 dysfunction, headaches secondary to blunt trauma, muscle spasms, and a cervical sprain. Wilson did not seek further medical attention.
Wilson filed suit against Stacy LeBlanc, Shawn Fulton, and M & M Lounge on November 20, 1996, and filed an Amending Petition on November 5, 1999, in which he named Mary Brown d/b/a M & M Lounge as a defendant. LeBlanc and Fulton were never served with either petition. Mary Brown d/b/a M & M Lounge was served with both the Petition and an Amending Petition, but failed to answer either, and Wilson took a preliminary default against her on March 15, 2001. A hearing for confirmation of the default was held on May 23, 2002, at which time Wilson testified that he still suffered from intermittent headaches and occasional jaw pain while chewing. He testified that he had not sought further medical treatment after December of 1995 because he could not afford it. Medical bills submitted by Wilson at the hearing totaled $3,710.20.
The court rendered judgment on May 19, 2003, in favor of Wilson and against Brown d/b/a M & M Lounge, Fulton, and LeBlanc, awarding Wilson $17,310.20 in damages. Wilson filed the instant appeal, arguing that the general damages award was inadequate to compensate him for his pain and suffering.

DISCUSSION
Much discretion is left to the judge or jury in the assessment of general damages. La. C.C. art. 2324.1. In reviewing an award of general damages, the court of appeal must determine whether the trier of fact has abused its much discretion in making the award. Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1260 (La.1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award. Youn, 623 So.2d at 1261. Only after it is determined that there has been an abuse of discretion is a resort to prior awards appropriate, and then only to determine the highest or lowest point of an award within that discretion. Coco v. Winston Indus., Inc., 341 So.2d 332, 335 (La.1976); Dennis v. The Finish Line, Inc., 99-1413, pp. 19-20 (La.App. 1 Cir.12/22/00), 781 So.2d 12, 30, writ denied, 01-0214 (La.3/16/01), 787 So.2d 319.
Although this court would have made a higher general damages award had it been the trier of fact, we find that the court did not abuse the great discretion afforded it in fashioning an award of general damages. Wilson's appeal is without merit.
Finally, we note that although the trial court pointed out in its reasons for judgment that it would not render judgment against defendants Fulton and LeBlanc because they were not served with the petition, the judgment signed by the trial court does in fact render judgment against them. Pursuant to La. C.C.P. art. 2002, a judgment rendered against a defendant who has not been served with service of process as required by law is an absolute nullity. Thus, we vacate that portion of the May 19, 2003 judgment that is against LeBlanc and Fulton as it is absolutely null.

DECREE
The May 19, 2003 judgment of the trial court is vacated insofar as it casts defendants LeBlanc and Fulton in judgment and is affirmed in all other respects. Costs of this appeal are to be borne by plaintiff, Samuel Wilson, Jr.
*532 VACATED IN PART AND AFFIRMED IN PART.