929 So.2d 80 (2006)
James HILL, and et ux.
v.
Robert A. LOPEZ, et al.
No. 2005 CA 0182.
Court of Appeal of Louisiana, First Circuit.
February 22, 2006.
*81 Timothy J. Martinez, Baton Rouge, Counsel for Plaintiffs/Appellants James Hill and Janice Hill.
Donna U. Grodner, Charlotte C. McDaniel, Baton Rouge, Counsel for Defendants/Appellees *82 Robert A. Lopez and Linda S. Lopez.
Before: CARTER, C.J., DOWNING and GAIDRY, JJ.
GAIDRY, J.
The plaintiffs-appellants, James Hill and Janice Hill, appeal a summary judgment of the 21st Judicial District Court for the Parish of Livingston. Because of multiple irregularities in rendition of the judgment evident from the record, we conclude the judgment is null and without effect. Accordingly, we vacate it and remand the case to the trial court for further proceedings.
Plaintiffs instituted this litigation by filing a petition seeking to rescind the purchase of a business from the defendants, Robert A. Lopez and Linda S. Lopez. Defendants answered and reconvened, seeking damages for breach of contract and the return of movable property used in the business. Defendants' answer and reconventional demand was served by "fax" on January 29, 2004, and filed on February 2, 2004. It is undisputed that the reconventional demand was never served on plaintiffs by the sheriff as provided by La. C.C.P. art. 1063.
On April 1, 2004, defendants' counsel served a "Motion for Summary Judgment On the Issue of Breech [sic] of Contract [,] Backpayments [sic] Due and for Return of Property" on plaintiffs' counsel by "fax or U.S. Mail," according to the certificate of service. No proposed order accompanied this motion, nor did the trial court contemporaneously order the motion set for hearing after it was filed on April 12, 2004.[1]
On May 3, 2004, defendants filed an order to set their motion for hearing, with copies of their motion for summary judgment and exhibits. However, the record contains no evidence of any request for service of either the order or the motion. The trial court signed the order on May 10, 2004 and set the motion for hearing on June 28, 2004. No separate notice of the hearing appears in the record.[2]
The hearing on the motion for summary judgment was held on June 28, 2004. Neither plaintiffs nor their counsel were present. The trial court rendered summary judgment in favor of defendants and against plaintiffs for $10,207.67 for past due installment payments, ordered plaintiffs to return the property of the business, and dismissed plaintiffs' petition with prejudice. Its judgment was signed on July 27, 2004.[3] After the trial court denied *83 their subsequent motion for new trial, plaintiffs appealed.
Louisiana Code of Civil Procedure art. 966 provides that a motion for summary judgment filed by the plaintiff "may be made at any time after the answer has been filed."[4] Thus, defendants, as plaintiffs in reconvention, could not properly move for summary judgment on their reconventional demand until after an answer was filed. See Leger v. Weinstein, 03-1497, p. 10 (La.App. 3rd Cir.10/27/04), 885 So.2d 701, 707, writ denied, 04-2903 (La.2/4/05), 893 So.2d 873, writ denied, 04-2899 (La.2/4/05), 893 So.2d 882. We must conclude that the trial court improvidently set defendant's premature motion for summary judgment for hearing.
Not having been served with the reconventional demand, plaintiffs were under no obligation to file an answer to it. A judgment rendered against a defendant (including a defendant in reconvention) who has not been served with process as required by law is an absolute nullity. La. C.C.P. art. 2002(A)(2); Wilson v. LeBlanc, 04-0238, p. 4 (La.App. 1st Cir.2/11/05), 906 So.2d 529, 531. Thus, to the extent judgment was rendered in favor of defendants on their reconventional demand, the summary judgment is an absolute nullity.
The prior version of La. C.C.P. art. 1313(A) required service by the sheriff under La. C.C.P. art. 1314 of any post-petition pleading which required an "appearance or answer." Because a motion for summary judgment is a pleading that requires some form of response, answer, and appearance, this court previously held that service could not be perfected by mail under the article's prior version. Clark v. Favalora, 98-1802, pp. 6-7 (La.App. 1st Cir.9/24/99), 745 So.2d 666, 671. See also Normand Company v. Abraham, 176 So.2d 178, 181 (La.App. 4th Cir.1965). Other courts reached the same result on the grounds that a motion for summary judgment is a summary proceeding under La. C.C.P. art. 2592, in the form of a rule to show cause or contradictory motion, and that La. C.C.P. arts. 2593 and 2594 contemplated service by the sheriff of a rule or contradictory motion in a summary proceeding. First Federal Savings & Loan Association v. Stanley, 578 So.2d 220, 222-23 (La.App. 3rd Cir.1991); Bergeron v. Hymel, 98-737, p. 6 (La.App. 5th Cir.1/26/99), 726 So.2d 482, 484.
In 1999, La. C.C.P. art. 1313(A) was amended to allow service of most post-petition pleadings by regular mail or facsimile transmission, "[e]xcept as otherwise provided by law," subject to an express exception in La. C.C.P. art. 1313(C) for pleadings or orders setting a court date, which must be served by registered or certified mail or by the sheriff. A motion for summary judgment is clearly the type of contradictory motion contemplated by La. C.C.P. art. 1313(C). Thus, the required service for defendants' motion was by either registered or certified mail or by the sheriff.[5] Service of the motion by facsimile transmission is not authorized, and the record does not show service by *84 registered or certified mail. Article 1313(B) provides that "[w]hen service is made by mail, delivery, or facsimile transmission, the party or counsel making the service shall file in the record a certificate of the manner in which service was made." (Emphasis supplied.) The intent of this provision is self-evident. The certificate in defendants' motion, verifying service "by fax or U.S. mail," is deficient in that it fails to specify the actual manner of service, between the two options stated therein. In light of La. C.C.P. art. 1313(C)'s requirements, it also fails to verify service by registered or certified mail, as opposed to regular mail.
Here, neither plaintiffs nor their counsel appeared at the hearing on defendants' motion, and nothing else in the record suggests any waiver by plaintiffs of the formal service requirement. Clark, 98-1802 at pp. 7-8, 745 So.2d at 671-72. Thus, the trial court's summary judgment is also fatally deficient as to plaintiffs' principal action, apart from the unserved reconventional demand.
Finally, plaintiffs filed a motion for sanctions against defendants in this court, on the grounds that defendants cited an unpublished appellate court opinion, contrary to Rule 2-16.3 of the Uniform Rules of the Louisiana Courts of Appeal. This motion has no merit, as the rule applies only to opinions expressly designated as not for publication. The opinion cited was in fact released for publication, although subject to revision at the time cited, and has since been published. The motion for sanctions is denied.
The judgment of the trial court is vacated, and this matter remanded to the trial court for further proceedings. The costs of this appeal are assessed to the defendants-appellees, Robert A. Lopez and Linda S. Lopez.
MOTION FOR SANCTIONS DENIED; JUDGMENT VACATED AND CASE REMANDED TO TRIAL COURT.
NOTES
[1] Rule 9.8(a) of the Rules for Louisiana District Courts plainly requires that any contradictory motion "must be accompanied by a proposed order requesting the ... motion be set for hearing." It must also state whether the case is set for trial and whether testimony will be offered at the hearing. In the event that a proposed order is not presented to the court with the motion, the court may either strike the motion or set the matter for hearing on its own motion. See also La. C.C.P. art. 963. The rule provides for no other options. The trial court here did neither. Both attorneys and the courts are charged with the duty of familiarity with court rules promulgated by our supreme court. Spiers v. Roye, 04-2189, p. 10 (La.App. 1st Cir.2/10/06), 927 So.2d 1158, 1164.
[2] Even if the clerk of court mailed a copy of the order to plaintiffs, the order itself fails to identify the nature of the hearing, other than to provide a cryptic reference to an "above and foregoing motion." Such does not constitute "adequate notice" under La. C.C.P. art. 1571, if unaccompanied by notice describing the nature or purpose of the hearing or the motion for summary judgment originally filed with the order.
[3] The trial court's signed judgment erroneously refers to the hearing date as July 28, 2004, and is undated. The clerk's notice of judgment, however, provides the date of signing.
[4] The term "plaintiff" as used in this article includes a plaintiff in reconvention. See La. C.C.P. art. 1040.
[5] We note, however, that the Fourth Circuit has concluded that a motion for summary judgment still requires service by the sheriff under the present language of La. C.C.P. art. 1313. Ainsworth v. Ainsworth, 03-1626, pp. 7-9 (La.App. 4th Cir.10/22/03), 860 So.2d 104, 110-112, writ denied, 03-2964 (La.1/9/04), 862 So.2d 995, cert. denied, 541 U.S. 992, 124 S.Ct. 2020, 158 L.Ed.2d 498 (2004).