STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-817

DAVID ROUGEOU

VERSUS

MURIEL ROUGEOU

************

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. 2005-1160
HONORABLE STUART S. KAY, JR., DISTRICT JUDGE

************

**MICHAEL G. SULLIVAN**
**JUDGE**

************

Court composed of Michael G. Sullivan, Glenn B. Gremillion, and Billy Howard
Ezell, Judges.

**AFFIRMED.**

David K. Rougeou
In Proper Person
Post Office Box 83
Longville, Louisiana  70652
Plaintiff/Appellant

Muriel Rougeou
In Proper Person
266 Rougeou
Longville, Louisiana  70652
Defendant/Appellee

**SULLIVAN, Judge.**

David Rougeou appeals the trial court's denial of his request to confirm the default judgment entered in this matter. We affirm.

### *Facts*

David Rougeou filed suit against Muriel Rougeou, seeking damages for unjust enrichment. He alleged that Ms. Rougeou allowed him to move his home onto her family's property with the intent that he live there, but a dispute arose between them, and Ms. Rougeou had him evicted from the property. He seeks to recover the value of the home on the basis that the home was not a gift to her and her retention of the home resulted in an unjustifiable benefit to her.

Ms. Rougeou did not file an answer after being served with the petition, and a preliminary default was entered against her. Mr. Rougeou sought to confirm the preliminary default before the trial court. The trial court refused to confirm the defaut, and Mr. Rougeou filed this appeal.

### *Discussion*

A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. La.Code Civ.P. art. 1702(A). A plaintiff seeking to confirm a default must present "competent evidence that convinces the court that it is probable that he would prevail at trial on the merits." *Power Mktg. Direct, Inc. v. Foster*, 05-2023, p. 11 (La. 9/6/06), 938 So.2d 662, 670.

During the confirmation hearing, Mr. Rougeou testified that Ms. Rougeou "seized my family home . . . without any compensation" and introduced an appraisal of his home, which stated the value of the home was $45,000.00.

The trial court took judicial notice of a prior proceeding between Mr. Rougeou and Ms. Rougeou which it had adjudicated. It observed that in the prior proceeding, Mr. Rougeou was ordered to remove his home from Ms. Rougeou's property. He failed to do so, and the trial court ordered that the home was abandoned and that Mr. Rougeou had no right to claim it.

During the hearing to confirm the default judgment, Mr. Rougeou admitted to the trial court that he is "seeking to recover property that [he] abandoned because [he] failed to remove it pursuant to a Court Order." The trial court refused to grant judgment as requested, explaining: "It is not Ms. Rougeou's fault that you did not comply with your Court Orders. Consequently, you are not entitled to claim reimbursement from her for unjust enrichment." There is no evidence that Mr. Rougeou appealed the prior judgment.

Unjust enrichment is based in equity and provides that no one should be enriched at the expense of another. *Minyard v. Curtis Prods., Inc.*, 251 La. 624, 205 So.2d 422 (1967). Louisiana Civil Code Article 2298 provides "[a] person who has been enriched without cause at the expense of another person is bound to compensate that person." If the enrichment "results from a valid juridical act or the law" it is not "without cause," and if there is another remedy for the impoverishment, the claim of unjust enrichment is not available to the plaintiff. La.Civ.Code art. 2298. A final judgment is the law between the parties to that litigation. *Leger v. Weinstein*, 03-1497, 03-1498, 03-1616 (La.App. 3 Cir. 10/27/04), 885 So.2d 701, *writs denied*, 04-2899 (La. 2/4/05), 893 So.2d 882; 04-2903 (La. 2/4/05), 893 So.2d 873.

Mr. Rougeou acknowledged to the trial court that he was ordered to remove his home from Ms. Rougeou's property and that, pursuant to the trial court's order, he

2

was deemed to have abandoned the property because he failed to do so. Thus, the enrichment is not without cause. Additionally, another remedy, removal of the home from Ms. Rougeou's property, was available to Mr. Rougeou. The trial court did not err in refusing to grant judgment in his favor.

### *Disposition*

The judgment of the trial court is affirmed. All costs of this appeal are assessed to David Rougeou.

**AFFIRMED.**