SCOTT E. SCHILLING AND MARLA SCHILLING
v.
REGINALD J. MCINTYRE AND LANCE L. ENGOLIA.
No. 2007 CA 0662.
Court of Appeals of Louisiana, First Circuit.
December 21, 2007.
J. PEYTON PARKER, Jr., Attorney for Plaintiffs/Appellants, SCOTT E. SCHILLING and MARLA SCHILLING.
CONNELL L. ARCHEY, Attorney for Defendant/Appellee, REGINALD J. McINTYRE.
Before CARTER, C.J., PETTIGREW and WELCH, JJ.
CARTER, C. J.
Plaintiffs' legal malpractice action was filed approximately six years after the alleged act of malpractice. It is well settled that the three-year peremptive period of LSA-R.S. 9:5605 begins to run on the date of the alleged negligent act, regardless of when the negligence is discovered. See Reeder v. North, 97-0239 (La. 10/21/97), 701 So.2d 1291, 1296-1297. Since the period is peremptive, it may not be interrupted, suspended, or renounced. Reeder, 701 So.2d at 1298. Applied to the facts of this case, plaintiffs' legal malpractice expired before this suit was brought.[1] The trial court correctly sustained the peremptory exception raising the objection of no cause of action.[2]
The judgment of the trial court is affirmed in accordance with URCA Rule 2-16.2A(2),(4),(6). Costs of this appeal are assessed to Scott E. Schilling and Marla Schilling.
AFFIRMED.
PETTIGREW, J., DISSENTS, AND ASSIGNS REASONS.
PETTIGREW, J., dissenting.
I must respectfully dissent from the majority for the following reasons.
I agree with the majority that if peremption as provided in La. R.S. 9:5605 applies to the fact of this case, then the plaintiffs' legal malpractice claim expired before this suit was brought. However, paragraph E of La. R.S. 9:5605 provides:
The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.
Louisiana Civil Code article 1953 provides:
Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction.
Louisiana Code of Civil Procedure article 934 basically gives the trial court three options in dealing with peremptory exceptions. One option is to deny the exception; the second option is to grant the exception and dismiss the suit, cause of action, or claim; and the third option is to grant the exception, but allow the amendment of the pleadings if the objection can be removed by amendment. In fact, this third option is mandatory, if the pleadings can be amended to remove the objection. In my humble opinion, the trial court's judgment should be amended to allow the plaintiffs a reasonable period of time to amend their petition to state a cause of action if they can.
NOTES
[1] The case of Leger v. Weinstein, 03-1497 (La. App. 3 Cir. 10/27/04), 885 So.2d 701, writs denied, 04-2903 (La. 2/4/05), 893 So.2d 873, 04-2899 (La. 2/4/05), 893 So.2d 882, singularly relied on by plaintiffs on appeal, is not applicable here. The result reached in Leger was the result of the court's application of the law of the case doctrine, and must be considered in light of its unique facts.
[2] We will not consider plaintiffs arguments regarding the constitutionality of LSR.S. 9:5605 as they were not raised in the trial court. See Reeder, 701 So.2d at 1299.