CARTER, C.J.
 

 LThis is a workers’ compensation suit for declaratory judgment filed by the employer, Temple Inland Corp. (TIN), regarding its obligation to pay medical compensation for its employee, Rob Dunaway.
 

 In 1985, Mr. Dunaway suffered a mild heart attack involving his left anterior descending artery. According to the record, the attack was considered to be employment related and TIN paid ongoing medical benefits related thereto. In 1988, Mr. Dunaway experienced another cardiac “episode” involving his right coronary artery. Although the 1988 episode was not considered a “heart attack,” it was considered to
 
 *660
 
 be a cardiac event for which TIN paid related medical benefits. In 2002, a cardiac stress test showed a significant change to all three heart vessels, which resulted in catheterization and bypass surgery.
 

 TIN sought declaratory judgment declaring that the 2002 episode and bypass surgery was a new, superseding event that relieved TIN of its obligation to pay benefits for Mr. Dunaway. The trial court granted TIN’s motion for summary judgment, making such a declaration and relieving TIN of its obligation to pay benefits for Mr. Dunaway.
 
 [1]
 
 Mr. Dunaway now appeals.
 

 Appellate courts review summary judgments
 
 de novo,
 
 using the same criteria that govern the trial court’s determination of whether summary judgment is appropriate, i.e., whether there is any genuine issue of material fact and whether the movant is entitled to judgment as a matter of law.
 
 Samaha v. Rau,
 
 07-1726 (La.2/26/08), 977 So.2d 880, 882-883. In this case, we find that the medical records raise genuine issues of material fact that preclude summary judgment.
 

 Dr. Dugan, Mr. Dunaway’s treating physician, testified that Mr. Dunaway’s cardiac episodes are progressions of the same coronary artery disease that caused the 1985 heart attack. He also stated that it is difficult to determine the contribution his work environment played in his cardiac condition. While Dr. Delafontaine testified that Mr. Dunaway experienced a new, superseding cardiac event in 2002, he did not have the benefit of examining Mr. Dunaway and admittedly did not consider Mr. Dunaway’s work stress and conditions in his analysis.
 

 Considering the entire record, including the conflicting medical opinions, we find that genuine issues of fact exist with regard to TIN’s obligation to provide medical compensation for Mr. Dunaway. Summary judgment was inappropriate, and the OWC’s judgment is hereby reversed in accordance with URCA Rule 2-16.1.B. Costs of this appeal are assessed to Temple Inland Corp.
 

 REVERSED.
 

 [1]
 

 . Also involved in the suit is Liberty Mutual Insurance Company, which was TIN’s workers’ compensation carrier at the time of the 1988 episode. After TIN filed its motion for summary judgment, Liberty Mutual filed a memorandum with incorporated motion adopting and expanding TIN's motion for summary judgment. A motion for summary judgment is a contradictory motion that must be served by either registered or certified mail or by the sheriff. LSA-C.C.P. art. 1313 C; LSA-R.S. 23:1310.3 C;
 
 Hill v. Lopez,
 
 05-0182 (La.App. 1 Cir. 2/22/06), 929 So.2d 80, 83. Liberty Mutual’s memorandum does not meet the procedural requirements for a motion for summary judgment; therefore, no motion for summary judgment by Liberty Mutual was properly before the OWC at the time it rendered the judgment at issue in this appeal.