CARTER, C.J.
 

 | ?Temple Inland Corporation (TIN),
 
 [1]
 
 appeals a judgment of the Office of Workers’ Compensation granting the motion for summary judgment of its workers’ compensation insurance carrier, Liberty Mutual Insurance Company, and dismissing the claims that TIN urged against Liberty Mutual in its petition for declaratory judgment.
 

 FACTS AND PROCEDURAL HISTORY
 

 TIN instituted this workers’ compensation suit for declaratory judgment seeking a declaration regarding its obligation to pay medical compensation for its employee, Rob Dunaway. In 1985, Mr. Dunaway suffered a mild heart attack involving his left anterior descending artery. Thereafter, Mr. Dunaway returned to work with no restrictions. According to the record, the attack was considered to be employment related, and TIN paid ongoing medical benefits related thereto. In 1988, Mr. Dunaway experienced another cardiac “episode” involving his right coronary artery. Again, Mr. Dunaway was able to return to work with no restrictions. Although the 1988 episode was not considered a “heart attack,” it was considered to be a cardiac event for'which TIN paid related medical benefits.
 

 At the time of the 1988 episode, Liberty Mutual was TIN’S workers’ compensation insurer. Pursuant to a consent judgment, TIN and Liberty Mutual stipulated that the 1988 episode was work-related in that it arose out of and in the course and scope of his employment with TIN, and that Liberty Mutual’s policy extended coverage to include benefits due to Mr. Dunaway
 
 *1085
 
 “arising out of his on-the-job accidental injury involving his right coronary artery.” TIN and Liberty Mutual further consented to the following:
 

 LIT IS FURTHER ORDERED, ADJUDGED AND DECREED that as a result of Rob Dunaway’s on-the-job accidental injury involving his right coronary artery, [TIN] has paid weekly benefits and other expenses under the Workers Compensation Act totaling $14,356.67. This sum is causally related to Rob Dunaway’s on-the-job accidental injury involving his right coronary artery, and, accordingly, judgment is rendered in favor of [TIN] and against Liberty Mutual Insurance Company requiring Liberty Mutual Insurance Company to reimburse [TIN] in the total amount of $14,356.67, with this representing full payment of all claims for weekly benefits, medical expenses, and all other expenses or benefits, presently known to have resulted from the accidental injury involving Rob Dunaway’s right coronary artery, which occurred on September 17, 1988.
 

 There is no dispute that Liberty Mutual paid TIN as ordered in the judgment.
 

 In 2002, Mr. Dunaway had a cardiac stress test that showed a significant change to all three of his heart vessels, which resulted in catheterization and bypass surgery. TIN filed the instant suit seeking a judgment declaring that the 2002 episode and bypass surgery was a new, superseding event that relieved TIN of its obligation to pay benefits for Mr. Dunaway. TIN made Liberty Mutual a defendant to the suit, seeking an alternative declaration, that if it was determined that benefits were still due, that Liberty Mutual was liable for payment of those benefits.
 

 The workers’ compensation judge granted TIN’s motion for summary judgment and declared that TIN was relieved of its obligation to pay benefits to Mr. Dunaway. This court reversed, finding that genuine issues of fact remained with regard to TIN’s obligation to Mr. Dunaway.
 
 Gaylord Container-Temple Inland v. Dunaway,
 
 08-2264 (LaApp. 1 Cir. 5/8/09), 13 So.3d 659.
 

 Liberty Mutual then filed a motion for summary judgment based solely on the issue of prescription. Liberty Mutual contends that since its last payment was made in 1993, and since TIN’s disputed claim was not |4filed until 2005, then any claim against it has prescribed. The workers’ compensation judge granted the motion for summary judgment based on prescription. TIN appeals.
 

 DISCUSSION
 

 Liberty Mutual has raised the objection of prescription in response to TIN’s declaratory judgment action.
 
 [2]
 
 The right to seek a declaratory judgment does not itself prescribe. However, the nature of the basic underlying action determines the appropriate prescriptive period. This is because prescription is an issue regarding a plaintiffs standing to seek the declaratory judgment.
 
 Knox v. West Baton Rouge Credit, Inc.,
 
 08-1818 (La.App. 1 Cir. 3/27/09), 9 So.3d 1020, 1023.
 

 The underlying action is one to determine whether TIN and its insurer, Liberty Mutual, are liable to Mr. Dunaway for further benefits.
 
 [3]
 
 In its petition, TIN
 
 *1086
 
 states that it has been paying benefits to Mr. Dunaway. TIN states that it sued Liberty Mutual for contractual indemnification and that the dispute was resolved by the consent judgment, wherein the parties stipulated that Liberty Mutual’s policy extended coverage to include benefits due to Mr. Dunaway “arising out of his on-the-job accidental injury involving his right coronary artery.”
 

 The liability of a workers’ compensation insurer is coextensive with that of the insured employer under the provision of the workers’ compensation law requiring every workers’ compensation policy to cover | ¡¡the entire liability of the employer.
 
 Prevost v. Jobbers Oil Transport Co.,
 
 97-2514 (La.App. 1 Cir. 6/29/98), 718 So.2d 1208, 1211; LSA-R.S. 23:1162. In fact, the employer and employer’s workers’ compensation insurer are liable to the claimant
 
 in solido. Chevalier v. L.H. Bossier, Inc.,
 
 95-2075 (La.7/2/96), 676 So.2d 1072, 1077. Interruption of prescription against one solidary obligor is effective against all solidary obligors. LSA-C.C. art. 1799.
 

 Liberty Mutual argues that under any of the possible prescriptive periods applicable, the action is prescribed because its last payment of benefits was made pursuant to the consent judgment in 1993. However, TIN’s pleading states that it has paid ongoing benefits to Mr. Dunaway.
 

 After careful review, we find that TIN’s payments to Mr. Dunaway raise issues that preclude summary judgment in favor of Liberty Mutual on the basis of prescription at this time. Liberty Mutual’s liability for the 1988 episode was established by the 1993 consent judgment. It is unclear at this point whether TIN owes any further benefits to Mr. Dunaway for the 1988 episode. Moreover, the date of the last payment made to Mr. Dunaway, so as to start the tolling of the prescriptive period, is unclear. Because of the outstanding issues, summary judgment was not appropriate.
 

 CONCLUSION
 

 The judgment granting summary judgment in favor of Liberty Mutual on the basis of prescription and dismissing TIN’s claims against Liberty Mutual is reversed. Costs of this appeal are assessed to Liberty Mutual.
 

 REVERSED.
 

 [1]
 

 . TIN was formerly known as Gaylord Container Corporation. The company is referred to herein as TIN.
 

 [2]
 

 . We note that Mr. Dunaway has not filed an objection raising the objection of prematurity to this action and thus, we do not address the employer’s disputed claim as it relates to the requirements of LSA-R.S. 23:1314.
 

 [3]
 

 . As far as the record shows, TIN has not sought any additional reimbursement from Liberty Mutual for amounts paid since the time of the consent judgment.
 
 Cf. Bank One v. Johnson,
 
 04-0508 (La.App. 4 Cir. 8/11/04), 882 So.2d 30, 32.