McClendon, j.
|2The defendant appeals a trial court judgment that granted the plaintiffs motion for summary judgment and denied her exception of prematurity, denied her motion for summary judgment, and dismissed her reconventional demand. For the reasons that follow, we vacate the judgment and remand for further proceedings.
FACTS AND PROCEDURAL HISTORY
This matter began as an executory proceeding filed by the plaintiff, Deutsche Bank National Trust Company as Trustee for the Holders of Ixis Real Estate Capital Trust 2005-HE3 Mortgage Pass-Through Certificates, Series 2005-HE3 (Deutsche Bank), against the defendant, Shirley M. Thomas, on April 30, 2007. The action was subsequently converted to an ordinary proceeding, and on October 10, 2007, Ms. Thomas filed an Exception of Prematurity and Reconventional Demand specifically denying that she was in default of her mortgage agreement and asserting that Deutsche Bank had created an “artificial default” in violation of the Fair Debt Collection Practices Act and Louisiana law. No order was attached to the exception requesting that it be set for hearing.
On September 8, 2009, Deutsche Bank filed a motion for summary judgment as to its main demand and the reconventional demand of Ms. Thomas. On January 22, 2010, Ms. Thomas filed an Exception of Prematurity and Cross Motion for Summary Judgment.
A hearing was held on February 1, 2010, on Deutsche Bank’s motion for summary judgment.[1] The trial court granted sum *1187 mary judgment in favor of Deutsche Bank and against Ms. Thomas in the principal amount of $48,465.29 plus interest, fees, attorney fees, and costs, further recognizing the mortgage securing the debt and declaring it enforceable. The trial court also denied Ms. Thomas’s exception of prematurity and cross-motion for summary judgment. Judgment was signed on March 9, 2010, and Ms. Thomas appealed.
IsDISCUSSION
Appellate courts review summary judgments de novo, using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate. Bozarth v. State, LSU Medical Center/Chabert Medical Center, 09-1893, p. 9 (La.App. 1 Cir. 2/12/10), 85 So.3d 316, 323. The motion should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966 B; Bozarth, 09-1393 at pp. 9-10, 35 So.3d at 323.
Ms. Thomas initially contends that the trial court erred in granting summary judgment in favor of Deutsche Bank, arguing that the motion was premature. She asserts that she filed an exception of prematurity prior to an answer and that it had not been ruled upon when Deutsche Bank filed its motion for summary judgment. Therefore, according to Ms. Thomas, Deutsche Bank’s motion was not properly before the court.
Article 921 of the Louisiana Code of Civil Procedure states that “[a]n exception is a means of defense ... used by the defendant.”[2] Leger v. Weinstein, 03-1497, pp. 9-10 (La.App. 3 Cir. 10/27/04), 885 So.2d 701, 707, writ denied, 04-2903 (La.2/4/05), 893 So.2d 873, and writ denied, 04-2899 (La.2/4/05), 893 So.2d 882. The dilatory exception, which includes the objection of prematurity, “retards the progress of the action,” but does not tend “to defeat the action.” See LSA-C.C.P. arts. 923 and 926. It “shall be pleaded prior to or in the answer.” LSA-C.C.P. art. 928. Further, the dilatory exception “when pleaded before or in the answer shall be tried and decided in advance of the trial of the case.” LSA-C.C.P. art. 929. Louisiana Code of Civil Procedure Article 966 also |4provides that a motion for summary judgment filed by the plaintiff “may be made at any time after the answer has been filed.”[3]
The record shows that Ms. Thomas filed her exception of prematurity prior to filing an answer. Deutsche Bank, while conceding that no “formal” answer was filed, makes the argument that because Ms. Thomas specifically denied the default of the loan and raised affirmative defenses in her reconventional demand, she answered the petition. However, LSA-C.C.P. art. *1188 1004 provides that “[t]he answer shall admit or deny the allegations of fact contained in each paragraph of the petition.” See also LSA-C.C.P. art. 1003. Such was not the case here. Accordingly, we cannot equate Ms. Thomas’s reconventional demand with the answer required by LSA-C.C.P. arts. 1003 and 1004. The language of LSA-C.C.P. art. 966 is clear. Deutsche Bank could not properly move for summary judgment until after an answer was filed. See Hill v. Lopez, 05-0182, p. 3 (La.App. 1 Cir. 2/22/06), 929 So.2d 80, 83; Leger, 03-1497 at p. 10, 885 So.2d at 707.
With regard to the argument that Ms. Thomas waived the exception of prematurity because she did not include an order requesting that it be set for hearing, we recognize that at the February 1, 2010 hearing, Ms. Thomas, through counsel, brought to the court’s attention that the exception of prematurity filed on October 10, 2007, had not been ruled upon. Accordingly, we conclude that the exception was not waived and that Deutsche Bank’s motion for summary judgment was premature.[4]
Ms. Thomas also argues that the granting of Deutsche Bank’s motion for summary judgment and dismissal of her recon-ventional demand was improper on the merits because there were genuine issues of material fact in dispute. |fiHaving found that Deutsche Bank’s motion for summary judgment was premature requiring that the judgment be vacated, we likewise find that the trial court erred in dismissing Ms. Thomas’s reconventional demand pursuant to its granting of Deutsche Bank’s motion for summary judgment.
CONCLUSION
For these reasons, the judgment of the trial court is vacated, and this matter is remanded to the trial court for further proceedings. The costs of this appeal shall be assessed to Deutsche Bank.
JUDGMENT VACATED AND CASE REMANDED.

. Although there was no order attached to Ms. Thomas's exception of prematurity and *1187 cross-motion for summary judgment asking that they be set for hearing, the matters were argued and ruled on at the February 1, 2010 hearing.

. Article 921 provides:
An exception is a means of defense, other than a denial or avoidance of the demand, used by the defendant, whether in the principal or an incidental action, to retard, dismiss, or defeat the demand brought against him.

. Article 966 A(l) provides:
The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant’s motion may be made at any time.

. For the same reasons, we note that Ms. Thomas’s cross-motion for summary judgment was also premature.