STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-1198

DAVID DOTY

VERSUS

USF INSURANCE COMPANY, ET AL.


**********

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. 2009-546
HONORABLE WARD FONTENOT, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, Billy Howard Ezell, and James T. Genovese, Judges.

AFFIRMED IN PART AND REVERSED IN PART.


W. Jay Luneau
Attorney at Law
1239 Jackson Street
Alexandria, LA 71301
(318) 767-1161
COUNSEL FOR PLAINTIFF/APPELLEE:
    David Doty

Matthew D. Monson
The Monson Law Firm, LLC
1070 W. Causeway Approach, Suite A
Mandeville, LA 70471
(985) 778-0678
COUNSEL FOR DEFENDANTS/APPELLANTS:
    USF Insurance Company
    West Builders, LLC

**Trevor Jones**
**In Proper Person**
**1912 Bernard Street**
**Ville Platte, LA 70586**

**DECUIR, Judge.**

David Doty filed suit against Trevor Jones, West Builders, LLC, and USF Insurance Company (the latter two collectively referred to herein as "West") after he was injured by the collapse of an attic stairway in a newly constructed home. Partial summary judgment was granted in Doty's favor on the issue of fault, although the apportionment of fault was deferred to trial on the merits. West has appealed that judgment. The trial court also denied summary judgment on the question of Jones' employee/independent contractor status, deferring that issue to trial on the merits. Doty's writ application on the employment status issue was denied, with this court finding no irreparable harm in the denial of summary judgment. See CW-11-918 (La. App. 3 Cir. 8/18/11). Doty also filed suit against the homeowner and her insurer, both of whom have been dismissed from the suit and are not part of this appeal.

The facts in the record show that David Doty was hired by Rachel Brown to install an alarm system in her newly constructed home. The house was constructed by West Builders, LLC, a company owned by Brad West. Trevor Jones was the carpenter hired by West to complete the trim work on the house, and, as part of that work, he installed the attic stairway on September 17, 2008. On November 21, 2008, Doty went into the attic of the home and surveyed the area to determine placement of the alarm system. During the course of his work, Doty was on the attic stairway when it collapsed, and both he and the entire stairway fell to the ground. Photographs of the stairway were taken on the day of the accident. Later, West sent Jones back to the house to replace the stairway and throw out the one that had collapsed.

Jones testified by deposition. He described placing the stairway into the opening in the ceiling and attaching it to the ceiling with trimming nails. He then

sent his assistant out to their truck to get the larger screws or anchor bolts required to secure it properly. When Jones discovered he did not have the appropriate screws, he called Brad West to advise him of the problem. According to Jones, Mr. West told him to leave that job, go to another customer who was waiting for him, and Mr. West would take care of the attic stairway himself. Later, when Jones reminded Mr. West that the stairway was not secure, he replied that other workers were using the stairway, and it looked fine to him. Photographs taken on the day of Doty's accident show nothing but small finishing nails in the frame of the stairway.

Brad West's deposition was taken prior to Jones' deposition. He emphatically denied having any knowledge of a defect in the stairway prior to, or even after, Doty's accident. He did not mention a conversation with Jones about the security of the installation. No deposition or affidavit testimony was offered later to contradict Jones' description of the conversations between Brad West and Jones.

In this appeal, West alleges three errors in the trial court's judgment. First, West contends the trial court improperly granted summary judgment for personal liability against Trevor Jones, a defendant who has not answered the suit and has made no appearance in the record or in response to the motion for summary judgment. The record reflects, however, that Jones was properly served and gave deposition testimony attesting to the facts as alleged by the plaintiff. Jones, an hourly wage carpenter with no high school education, has apparently not hired counsel and has made no effort to defend himself in this suit. Furthermore, while the question of Jones' status as an employee or independent contractor has not been decided, the Plaintiff has also alleged vicarious liability on the part of West for Jones' acts of negligence, a type of liability which, under certain circumstances,

2

can attach to the principal of an independent contractor as well as to an employer. *See, Parker v. Boise Southern Co.*, 570 So.2d 6 (La.App. 3 Cir.), *writ denied*, 575 So.2d 388 (La.1991.)

In granting partial summary judgment in Doty's favor, the trial court found Jones "responsible for causing the subject incident." Judgment against Jones at this stage in the proceedings is erroneous as Jones has not filed an answer. See La.Code Civ.P. art. 966; *Leger v. Weinstein*, 03-1497 (La.App. 3 Cir. 10/27/04), 885 So.2d 701, *writs denied*, 04-2903, 04-2899 (La. 2/4/05), 893 So.2d 873, 882. Accordingly, we must reverse the partial summary judgment rendered against Jones.

Next, West contends the trial court erred in accepting hearsay testimony from Jones in support of the summary judgment granted in Doty's favor. In his deposition testimony, Jones recounted statements of Brad West wherein he stated that he would secure the stairway himself. He also instructed Jones to leave the stairway the way it was and proceed to a different jobsite. We find no merit to the hearsay objection raised by West. Under La.Code Evid. art. 801(D)(2), the comments to Jones are personal admissions, statements made by Brad West and offered against him, and are specifically excluded from the definition of hearsay. Accordingly, the hearsay issue raised in this appeal is without merit.

Finally, West urges this court to find error in the trial court's refusal to assign comparative fault to the plaintiff. Although not admitted into evidence, West referred to a document obtained from the stair manufacturer's website which, counsel avers in brief, sets forth a maximum weight capacity of 250 pounds. Doty, whose medical records from the day of the accident were submitted into evidence, weighed 253 pounds when he arrived at the hospital. Doty also admitted in deposition testimony that he knew attic stairways generally have certain weight

3

capacities. West contends that Doty's excess weight should be considered comparative fault, although no evidence of causation was presented. Without ruling on the admissibility of the evidence, the trial court found the weight comparison irrelevant in the face of uncontradicted photographic and deposition evidence showing no anchor bolts were attached to the stairway to secure it into place. We agree with the trial court's ruling.

Summary judgment is a favored procedure and it "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art 966(B). Article 967(B) of the Louisiana Code of Civil Procedure provides that when a motion for summary judgment is made and supported by competent evidence, "an adverse party may not rest on the mere allegations or denials of his pleading," but his response must set forth specific facts showing that there is a genuine issue for trial. The provision further states, "If he does not so respond, summary judgment, if appropriate, shall be rendered against him." *Id.*

Our review of the record shows that summary judgment was properly granted against West Builders and its insurer. Accordingly, that portion of the judgment is affirmed. That portion of the judgment rendered against Trevor Jones is hereby reversed. Costs of this appeal are assessed to the West Defendants.

**AFFIRMED IN PART AND REVERSED IN PART.**

4