PICKETT, J.,
concurring.
U agree with the majority’s reasoning insofar as it finds the trial court properly granted the exception of res judicata.
As to the exception of no cause of action, I find the trial court erred in considering evidence in violation of La.Code Civ.P. art. 931. I am not persuaded that the cases cited in the majority opinion support the consideration of the records in a different suit before the same court. The trial court recognized this error when it stated on the record that it would treat the filing as a motion for summary judgment.
“In reviewing a trial court’s ruling sustaining an exception of no cause of action, the appellate court ... should subject the case to de novo review because the exception raises a question of law and the trial court’s decision is based only on the sufficiency of the petition.” Fink v. Bryant, 01-987, p. 4 (La.11/28/01), 801 So.2d 346, 349. In this case, Mr. Atherton’s petition does not contain sufficient facts to support a cause of action. To support a claim for legal malpractice, the plaintiff must show: the existence of an attorney-client relationship, negligent representation by the attorney, and loss to the client caused by that negligence. Leger v. Weinstein, 03-1497 (La.App. 3 Cir. 10/27/04), 885 So.2d 701, writs denied, 04-2899, 04-2903 (La.2/4/05), 893 So.2d 882, 873.
12Here, Mr. Atherton’s petition fails to allege that he has suffered any actual loss. He only speculates that he may suffer certain losses. “The mere breach of a professional duty, causing only nominal damages, speculative harm, or the threat of future harm — not yet realized — does not suffice to create a delictual action.” Braud v. New England Ins. Co., 576 So.2d 466, 468 (La.1991).
For these reasons, I concur in the judgment of the majority that Rosteet’s exception of no cause of action was properly sustained.