Judgment rendered June 29, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,592-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

JOANN BILBERRY AND                      Plaintiffs-Appellants
KATECIA JONETTE BILBERRY

versus

BILLIE J. TENSLEY                       Defendant-Appellee

* * * * *

Appealed from the
Third Judicial District Court for the
Parish of Union, Louisiana
Trial Court No. 47,321

Honorable Jeffrey L. Robinson, Judge

* * * * *

SMITH & NWOKORIE                        Counsel for Appellants
By: Brian G. Smith

JOSEPH A. CUSIMANO, JR.                 Counsel for Appellee

* * * * *

Before STONE, THOMPSON, and HUNTER, JJ.

**THOMPSON, J.**

This wrongful eviction proceeding is the sad remnant of former sisters-in-law that dates back to 2016. The owner of the property allowed her disabled brother and his wife and daughter to reside rent-free. Following her brother's divorce and subsequent death, her generosity and benevolence apparently came to an end, and she required rent for her former sister-in-law to continue living in the property. There was an apparent eviction proceeding, the objection to which forms the basis of the matter before the court. The procedural correctness of this litigation has been hard fought and has resulted in at least one prior review by this court. Without commenting on the merits of the litigation, we find the trial court improperly concluded there was insufficient proof of service of process in the record and improperly dismissed the matter without prejudice. Finding error with those rulings, we reverse the trial court and remand for further proceedings.

## FACTS

This case involves the alleged wrongful eviction of the plaintiffs, JoAnn Bilberry and Katecia Jonette Bilberry[1] (hereinafter, "plaintiffs") by defendant, Billie J. Tinsley ("Tinsley").[2] Plaintiffs filed suit in 2016 against Tinsley, a resident of California. At issue is whether plaintiffs have complied with the exacting requirements of La. R.S. 13:3201, *et seq.*

JoAnn Bilberry was married to Tinsley's brother, Edd Bilberry ("Edd"), who is now deceased. JoAnn and Edd lived at the disputed

---

[1] Plaintiffs' counsel has stated in the record that he no longer represents Katecia Bilberry. However, he has not filed a motion to dismiss her from the lawsuit or a motion to withdraw representation.

[2] The plaintiffs incorrectly spelled the defendant's last name "Tensley." The correct spelling, "Tinsley," will be used herein.

property with their daughter, Katecia Bilberry. At some point, while JoAnn and Edd Bilberry were married, ownership of the house was transferred to Tinsley, who lives in Union City, California. Tinsley's brief to this court notes that that Edd and JoAnn Bilberry were divorced on November 7, 2003.

Edd died on May 22, 2014, and plaintiffs continued to live in the house owned by Tinsley. Tinsley argues that her brother was disabled and that she generously allowed him to live in the house rent-free. Plaintiffs allege that at some point, Tinsley evicted them without a notice to vacate. They filed suit in August of 2016, alleging that Tinsley had the electricity disconnected and the locks changed while they were living in the house.

## PROCEDURAL HISTORY

In an apparent attempt to satisfy the exacting requirements of La. R.S. 13:3205 and to show proof of proper service of the wrongful eviction proceeding, in September of 2016, plaintiffs' attorney forwarded to the clerk of court a "Certified Mailing Receipt/Green Card" and requested that it be filed in the record. The receipt showed that someone at the defendant's address in California signed for the mailing on September 6, 2016. Noting the absence of an accompanying affidavit evidencing proof of service, Tinsley filed exceptions of lack of personal jurisdiction and insufficiency of service of process. After a hearing, the trial court signed a judgment on October 19, 2016, sustaining the exception of insufficiency of service of process and ordered the plaintiffs to properly serve the defendant and file the proper affidavit, as required by La. R.S. 13:3205, to show proof of proper service.

While still relying on the original physical receipt by Tinsley via longarm service through the mail of the citation and petition, plaintiffs' lawyer then filed an affidavit regarding the mailing of the notice to Tinsley. The affidavit did not strictly comply with La. R.S. 13:3205. In January of 2017, Tinsley again filed exceptions of lack of personal jurisdiction and insufficiency of service of process, as well as a motion to dismiss the suit for failure to timely amend. She argued that the affidavit did not contain the required certifications; therefore, the service of process was insufficient and the trial court did not have personal jurisdiction over her.

A second hearing was held on April 20, 2017, and the trial court sustained the exception of insufficiency of service of process, finding that the Long Arm Statute must be strictly complied with and the affidavit filed by the plaintiffs did not comply with the requirements of La. R.S. 13:3205. The court observed that the affidavit did not state who mailed the process or how it was mailed. The trial court stated on the record, "I'm sustaining his exception of insufficiency of service [of] process and you can attempt to serve him again." In the judgment signed on May 11, 2017, the action was not dismissed and the trial court did not order the plaintiffs to correct the deficits in the affidavit within a specified time.

While again relying on the original physical receipt by Tinsley via longarm service through the mail of the citation and petition, on April 24, 2017, four days after the hearing, plaintiffs filed into the suit record another affidavit to address the deficiency noted by the court to the first affidavit filed. It should be noted that this third attempt to satisfy the requirements of proof of service of process was compliant with La. R.S. 13:3205.

3

In June of 2017, the plaintiffs appealed the trial court judgment of May 11, 2017. The appeal was converted to a writ in *Bilberry v. Tensley*, 52,034 (La. App. 2 Cir. 5/23/18), 2018 WL 2324986.[3] This court found that the matter was not an appealable judgment because although the exception had been granted, the matter was *not* dismissed. The appeal was converted to a writ, the writ granted, but the relief denied, as this court found no error in the trial court's ruling sustaining the exception of insufficiency of service of process. This court stated:

> We find no error in the trial court ruling which sustained the exception of insufficiency of service of process. However, the plaintiffs' case was not dismissed. It appears that the plaintiffs have now complied with the requirements of the Long Arm Statute in their affidavit filed on April 24, 2017, after the trial court hearing. The plaintiffs have failed to show that they are prejudiced in any way by the trial court ruling that they seek to appeal. We remand the matter to the trial court for further proceedings.

On November 9, 2019, the plaintiffs filed a "motion to set hearing" with the trial court, stating that this court determined that plaintiffs had perfected their service and requesting that the trial court set a hearing regarding their petition. It appears plaintiffs were attempting to set the matter for trial with this filing. Tinsley again filed a dilatory exception of insufficiency of service for process, as well as a dilatory exception of unauthorized use of summary proceeding, peremptory exception of nonjoinder of a party needed for adjudication, and failure to comply with local court rules for setting a matter for trial. By this stage in the proceeding, there is a new district court judge who inherits the matter and

---

[3] A detailed description of the facts and procedural history of this matter can be found in our earlier opinion.

who had not participated in the prior hearings. A hearing on the latest exceptions was held on June 22, 2020, and the trial court determined, on the limited record before it, that service of process had not been perfected.

The trial court stated that the second affidavit was filed after it had already ruled that the service was insufficient and during the plaintiffs' appeal of that ruling. It determined that this court's ruling affirmed the trial court's grant of the exception of insufficient service of process and remanded the matter to the trial court to dismiss the action. The court stated, "I do think that the affidavit that was filed after the fact was not in the spirit of what the ruling of the trial court was…I don't think that the plaintiff met the statutory requirements." On June 29, 2020, the trial court issued a judgment sustaining Tinsley's exception of insufficiency of service of process and dismissed the plaintiffs' suit without prejudice. This appeal followed.

## DISCUSSION

The plaintiffs assert one assignment of error, namely:[4]

**Assignment of Error: The trial court erred in granting the Defendant-Appellee's Exception of Insufficiency of Service of Process, and finding that the Defendant was not properly served under the Louisiana Long Arm statute after the Second Circuit Court of Appeal noted that Plaintiffs complied with the long arm statute after filing their affidavit on April 24, 2017. The trial court also erred in holding that Plaintiff-Appellant requested summary proceedings.**

Service of process under Louisiana's Long Arm statute is governed by La. R.S. 13:3201, *et seq.* Specifically, La. R.S. 13:3204 sets forth the

---

[4] In light of the fact that we have reversed the trial court's grant of the dilatory exception of insufficiency of service of process and dismissal without prejudice, any discussion of that part of the assignment of error related to summary proceedings is pretermitted.

*mandatory* manner in which service of process must be made under the long-arm statute and provides, in pertinent part:

> In a suit under R.S. 13:3201, a certified copy of the citation or the notice in a divorce under Civil Code Article 102 and of the petition or a certified copy of a contradictory motion, rule to show cause, or other pleading filed by the plaintiff in a summary proceeding under Code of Civil Procedure Article 2592 shall be sent by counsel for the plaintiff, or by the plaintiff if not represented by counsel, to the defendant by registered or certified mail, or actually delivered to the defendant by commercial courier, when the person to be served is located outside of this state or by an individual designated by the court in which the suit is filed, or by one authorized by the law of the place where the service is made to serve the process of any of its courts of general, limited, or small claims jurisdiction.

La. R.S. 13:3205 states that "no default judgment may be rendered against the defendant and no hearing may be held on a contradictory motion, rule to show cause, or other summary proceeding, except for actions pursuant to R.S. 46:2131 *et seq.*, until thirty days after the filing in the record of the affidavit" of the individual who mailed the process to the defendant. Personal jurisdiction over nonresidents requires strict compliance with the procedural requirements of the long-arm statute. *Moody v. Stevenson*, 43,144 (La. App. 2 Cir. 3/26/08), 980 So. 2d 196.

The record reflects that the plaintiffs were given several opportunities to perfect their service of Tinsley under the Louisiana Long Arm statute. They had their original attempt, when they provided a copy of the green card evidencing service of process on Tinsley. The copy of the green card provided by plaintiffs to the court satisfied the service element required by La. R.S. 13:3204 but did not satisfy the affidavit required by La. R.S. 13:3205. The trial court correctly granted at the time defendant's exception of insufficiency of service of process.

6

On their second attempt, after the trial court specifically instructed them to file an affidavit compliant with La. R.S. 13:3205, plaintiffs filed an affidavit that did not conform with the statute exactly. As noted by the trial court, plaintiffs' affidavit came close but was not sufficient to satisfy the strict compliance required by La. R.S. 13:3205. The trial court, after sustaining Tinsley's exception of insufficient service of process, stated, "I'm sustaining his exception of insufficiency of service of process and you can attempt to serve him again." However, the trial court did not dismiss the action without prejudice, and a few days later, the plaintiffs filed an affidavit into the record that satisfies La. R.S. 13:3205.

Tinsley filed the third exception of insufficiency of service of process, which the trial court granted. This is error. The Louisiana Long Arm statutes set forth the process by which plaintiffs can serve defendants who live out of state. Plaintiffs must serve the defendant and must provide the court with proof of that service. There is no question that plaintiffs in the present matter effected service on Tinsley, as they have a copy of a green card signed by someone at her residence. The trouble in this case lies with the second requirement—proof of that service provided to the court.

As noted by this court in our earlier opinion, Tinsley's second exception was appropriately granted. Although the trial court stated that plaintiffs should "serve him again," it did not dismiss the case without prejudice. As such, it was unnecessary for plaintiffs to begin the entire service process over again, and their only deficiency remained the insufficient proof of service. They cured that problem by filing their latest affidavit in compliance with La. R.S. 13:3205.

By the time the trial court ruled on the third exception of insufficiency of service of process, plaintiffs had effective service and proof of that service in the record. Plaintiffs satisfied the statutory requirements, albeit on their third attempt, and the grant of the exception of insufficiency of service of process and dismissal of the suit without prejudice with a record which confirms appropriate service and proof of service was error.

## CONCLUSION

For the reasons stated above, the trial court's order is reversed and the case is remanded for further proceedings. Costs of appeal are assessed equally between the parties.

**REVERSED AND REMANDED.**